## J. M. PROPST v. JULIUS MATHIS.

*Practice—Pleading—Plea of Pendency of Another Action— Hearsay Evidence.*

1. The rule governing the plea of the pendency of another action is that the same plaintiff shall not sue the same defendant twice for the same thing, and when the parties are the same and the thing sued for is the same the right shown in both actions must be identical.

2. When, in order to prove the probate and contents of a will, a party was allowed to testify as to what a former Clerk of the Court read to him from the records which the Clerk told him was the record of the will : *Held,* that the testimony being hearsay, was inadmissable, and the fact that the one, whose unsworn statement was allowed to go to the jury as evidence, was the keeper of the record does not justify a departure from the rules relating to hearsay testimony.

This was a CIVIL ACTION to recover possession of a tract of land, tried at Fall Term, 1894, of BURKE Superior Court, before *Allen, J.,* and a jury.

The defendant, among other defences, relied upon the pendency of a former action at the commencement of this action, and one issue submitted to the jury by consent of the parties was as follows: "Was there another action pending between the plaintiff and defendant at the commencement of this action involving the controversy in this action?"

The record in said former action was introduced in support of said plea, and a copy of the summons, complaint, answer and judgment therein are herewith filed as a part of this case.

PROPST *v.* MATHIS.

It was admitted that Joseph Propst, who was a party to said former action, died before the commencement of this action, and that the land described in the complaint in this action is a part of the land described in said former action. The Court was of opinion that said former action did not involve the controversy in this action and was no bar, and instructed the jury to answer said issue "No," to which defendant excepted.

The plaintiff, J. M. Propst, was examined as a witness in his own behalf, and testified as follows: "I came to Morganton in 1853 to the Clerk's office; W. S. Sudderth was then Clerk of the Superior Court; I asked him to show me the will of Adam Overwenters; he took a book, then in his office, and read it to me, and said it was the will of said Adam. It was a large bound book he read from (and witness was here shown a will book from Clerk's office of date since 1868), and he said the book read from was like that. The will devised the land to the wife of Adam Overwenters for life and then to two daughters."

Evidence was offered to show that the record of wills in Burke County was destroyed in 1865-'66; that the record and original of the will of Adam Overwenters could not be found.

The plaintiff relied upon the will of Adam Overwenters in deducing his title. The defendant excepted to the admission of the evidence as to the contents of said will. There was other evidence to which no exception was taken, and no exception was taken to the instruction given to the jury.

Verdict and judgment for plaintiff. Appeal by defendant.

*Mr. J. T. Perkins,* for plaintiff.

*Messrs. S. J. Ervin* and *I. T. Avery,* for defendant (appellant).

BURWELL, J.: The record which was introduced in evidence to sustain the plea of the pendency of another action

PROPST *v.* MATHIS.

does not effect that object. In that action there are a number of plaintiffs, of which the plaintiff J. M. Propst is one. That controversy is concerning a tract of land, of which the land in dispute here is only a part. The rule is that the same plaintiff shall not sue the same defendant twice for the same thing, and when the parties are the same and the thing sued for is the same, the right shown in both actions must be identical. *Casey* v. *Harrison,* 2 Dev., 244. The pendency of that action did not render the bringing of this one unnecessary and vexatious. The parties are not the same, and the purposes of the actions also differ. In that suit the object which those plaintiffs principally sought to accomplish was the establishing of the will of Adam Overwenters, the record of which had been destroyed, as they alleged. They did not seek to recover possession of the tract of land. In this action one of those plaintiffs demands the possession of twenty-four acres, which he alleges that the defendant wrongfully withholds from him, and damages for its detention.

We think that the evidence which the plaintiff was allowed to introduce in order to establish the fact that Adam Overwenters' will was probated, and also its contents, should have been excluded. It seems to us to have been mere hearsay. He was allowed to tell what the Clerk told him. The fact that the one whose unsworn statement was thus allowed to go to the jury as evidence was the keeper of the record, the contents of which it is proposed to establish, does not afford a sufficient reason for the violation in this instance of the well-settled rules governing the admission of testimony. No witness, so far as this record shows, was produced who could say upon oath and subject to cross-examination, that the will of Adam Overwenters was ever recorded in Burke County. Indeed, so far as appears, no witness was called who testified that any such will ever existed. We do not think that the plaintiff should have been permitted to

prove the existence of this will, its probate, and its contents, by the mere statements of the Clerk. To allow this would be to give to his oral communications. the effect which is given by law to his solemn certificate, for the use of which as evidence the statute provides. *Nelson* v. *Whitfield,* 82 N. C., 46, seems to sustain the ruling of his Honor. In that case, however, the fact that the will which was there in controversy had been probated was proved by the testimony of one who had himself read it on the records. Its contents were proved by the oath of other witnesses, who could only testify that they had heard others read what was said to be the will or a copy of it. The learned Justice who delivered the opinion of the Court in that case says that " the evidence offered on the part of the defendants relating to the contents of the paper purporting to be the will was slight, and taken by itself might not have been sufficient to satisfy the jury of the contents, but it was some evidence, and when taken in connection with the facts proved, the long possession of the defendants and their ancestor in conformity with the alleged provisions of the will, and the long acquiescence of the plaintiffs in the exclusive possession of the land by the defendants, it makes a very strong case for them." While it may have been allowable in that particular case, in connection with the facts proved, to permit evidence of what a person read as the will, we do not think in this case any sufficient reason exists for allowing the plaintiff to tell what the Clerk told him. We are not able to see how the fact that he whose words are to be repeated was the keeper of the record that he professed to be reading can alter the wholesome truth that forbids the admission of such evidence because it is mere hearsay—a statement made neither under oath nor subject to cross-examination. There is, as it seems to us, no greater presumption that the Clerk would read correctly than that he would speak truthfully about the contents of the will. The

115—34

same sound reason that would require us to exclude what he said if it was offered, compels us to exclude what he read.

New Trial.