[Civ. No. 769. First Appellate District.—May 30, 1910.]

In the Matter of the Estate of LUIGI GUINASSO, Deceased. NELLIE GUINASSO, Proponent of Will, Respondent, v. MARIA ARATA and LOUIS GUINASSO, Contestants, Appellants.

WILLS—PROBATE OF DESTROYED WILL—FINDING AS TO PROOF OF CONTENTS UNSUPPORTED.—Where a will destroyed in the great conflagration in San Francisco was admitted to probate under section 1339 of the Code of Civil Procedure, the necessary finding that the contents of the will were proved by two credible witnesses was unsupported, where the only credible witness was one who drew the will and knew its contents, and was qualified to prove them by parol, and the only other witness to its contents was that of one who had never seen or read the will, but had merely heard it or a copy of it read to her by the one who drew the will.

ID. — CONSTRUCTION OF STATUTE — INTENTION OF LEGISLATURE. — The legislature intended when it enacted the requirement that two credible witnesses must be produced to prove the contents of a destroyed will, that each of them must give primary evidence, or evidence from personal knowledge as to the contents of the will, and it never contemplated that one of such witnesses might in effect multiply himself into any number of witnesses by reading a will, or stating its contents, to other persons.

ID.—CONTENTS OF WRITING NOT PROVABLE BY HEARER.—The contents of a writing cannot be proved by the testimony of a person who heard the writing read.

ID.—EFFECT OF STIPULATION UPON APPEAL—DUE EXECUTION OF WILL —WAIVER OF FINDING—PROOF OF CONTENTS NOT INVOLVED.—A stipulation upon appeal that "the will of said deceased was proved to have been duly executed by him before two attesting witnesses," and waiving the assignment of insufficiency of the evidence to prove the same, has no bearing upon the assignment of insufficiency of the evidence to sustain the finding as to proof of the contents of the will. Proof of the provisions of a destroyed will is quite a different matter from proof of its due execution before two attesting witnesses.

APPEAL from an order of the Superior Court of the City and County of San Francisco admitting a will to probate. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, and Theo. J. Roche, for Appellants.

Bourdette & Bacon, for Respondent.

HALL, J.—This is an appeal from an order admitting to probate the will of Luigi Guinasso, deceased.

The petition for the probate of the alleged will was filed by John W. Bourdette, and sets forth that the will was destroyed by the great conflagration of April, 1906, which occurred in San Francisco, and also sets forth what purports to be the provisions of the will *in haec verba.* It is also alleged that the testator at the time of his death believed the will to be in existence, and had no notice or knowledge of its destruction.

Appellants are heirs at law of decedent, and in due time filed a contest of the will. The court made findings in favor of the proponent as to all issues raised by the pleadings, and it is the sufficiency of the evidence to support these findings that is attacked by appellants.

In their opening brief three points were made by appellants: First, that the evidence did not support the finding as to the due execution of the alleged will; second, that the evidence did not support the finding that decedent had no notice or knowledge of the destruction of the will, and that he believed it to be in existence at the time of his death; and third, that the evidence is insufficient to support the finding of the court as to the provisions of the will.

Subsequently, by stipulation filed in this court, appellants waived the first point.

We have examined the evidence as to the second point, and do not think that appellants' contention can be maintained, but as we think the third point is well taken, we have not deemed it necessary or profitable to review the evidence under the second point.

As before stated, the will was offered as a will destroyed by public calamity. Section 1339, Code of Civil Procedure, provides that: "No will shall be proved as a lost or destroyed will, unless the same is proved to have been in existence at the time of the death of the testator, or is shown to have been fraudulently, or by public calamity, destroyed in the lifetime of the testator, without his knowledge, nor

unless its provisions are clearly and distinctly proved by at least two credible witnesses.''

According to the record before us only two witnesses testified as to the contents of the destroyed will—J. Bourdette and respondent Nellie Guinasso.

J. Bourdette drew the will, and of course had knowledge of its contents. Upon the destruction of the will his parol testimony was competent to prove its provisions.

But the record shows that the only knowledge that Nellie Guinasso had of the contents of the will was from hearing what purported to be the will or a copy thereof read by Mr. Bourdette. She does not claim to have herself read the will, but only that it was read to her by Mr. Bourdette. She testified: ''Mr. Bourdette held the will in his hand and read it to me. I am not able to swear whether it was the original or a copy.''

Does such testimony comply with the law that the provisions of a destroyed will must be clearly and distinctly proved by at least two credible witnesses?

It is contended by appellants that the law requires that two witnesses must be produced, each one of whom gives primary evidence, or evidence from personal knowledge as to the contents of the will, and that a destroyed will cannot be established by one witness testifying to its contents from personal knowledge, and another testifying to its contents from statements made to him by the witness who had personal knowledge of its contents.

This contention seems to be sound. If Mr. Bourdette, the first witness, had testified that he did read the will to the second witness, which he did not, and that it was correctly read to her, it is apparent that the whole proof would finally depend upon the credibility of Mr. Bourdette. The legislature never contemplated, when it enacted the requirement that the provisions of a destroyed will must be clearly and distinctly proved by at least two credible witnesses, that one such witness might in effect multiply himself into any number of witnesses by reading a will or stating its contents to other persons.

The contents of a writing cannot be proved by the testimony of a person who heard the writing read. (*Propst* v. *Mathis,* 115 N. C. 526, [20 S. E. 710]; *Nichols* v. *Kingdom*

*Iron Ore Co.*, 56 N. Y. 618; *Mutual Life Ins. Co.* v. *Tillman,* 84 Tex. 31, [19 S. W. 294].)

Respondent, in answer to the contention of appellants upon this point, has contented herself with urging that appellants are precluded from making this point by the stipulation filed in this court.

This stipulation has no bearing upon the sufficiency of the evidence to prove the provisions of the will, but only relates to the proof upon the issue as to its due execution. It is clearly a stipulation only "that the will of said deceased was proved to have been duly executed by him before two attesting witnesses, and that proof of such execution was duly made in" the trial court, and that the "first point made by appellant in his points and authorities on file herein" is waived.

Proof of the provisions of a destroyed will is quite a different matter from proof of its due execution before two attesting witnesses.

The provisions of the destroyed will were not clearly and distinctly proved by at least two credible witnesses, and for this reason the finding as to.the provisions of the will is not supported by the evidence.

The order admitting the will to probate is reversed.

Cooper, P. J., and Kerrigan, J., concurred.