### George H. McFadden et al. v. W. C. Schill.

#### No. 3362.

1. **Misjoinder of Defendants — Practice.** — An objection to the misjoinder of parties defendant can not be raised on general demurrer. Such defect may be waived.

2. **Joint Wrongdoers.**—McFadden Bros., wishing a switch to be extended from the main track of the Gulf, Colorado & Santa Fe Railway Company to their warehouse, contracted with the railway company to procure the right of way and grade the track to be used by the company. The switch track was extended along and upon land of the plaintiff—McFadden Bros. grading and the railway company completing and using the track. *Held:*

   1. That all who were engaged in constructing and operating the switch track were jointly liable to the plaintiff for damages caused his property thereby.

   2. Testimony to the running of engines upon the track by the railway company was relevant against McFadden Bros.

3. **Charge Where no Conflict as to Facts.**—Where there is no conflict in the testimony and where it is conclusive, it is not error in the charge that such fact is assumed. Such instruction is not upon the weight of evidence. See facts.

4. **Case Adhered to.**—Railway v. Fuller, 63 Texas, 467, adhered to, as to measure of damages and extent of injury in action for taking, injuring, etc., property.

APPEAL from Washington. Tried below before Hon. Beauregard Bryan.

The opinion states the case.

*Searcy & Garrett* and *J. W. Terry,* for appellant.—1. The Gulf, Colorado & Santa Fe Railway Company is not liable to plaintiff for any damages that his property may have sustained by reason of the McFaddens having blocked the street adjoining plaintiff's property by building a platform across the same, nor are the McFaddens liable to plaintiff for any damage that his property may have sustained by rea-

son of the noise, smoke, sparks, etc., caused by the Gulf, Colorado & Santa Fe Railway Company operating trains on the switch in front of plaintiff's property.   Construction Co. v. Meddlegge, 75 Texas, 635; Railway v. Watts, 63 Texas, 553; Pierce on Rys., p. 283, note 6; Nav. Co. v. Richards, 57 Pa. St., 142.

2.   The defendants McFadden being in no way connected with the railway company, having no authority or control over the same, are not liable to the plaintiff for any damage his property may have sustained by reason of the Gulf, Colorado & Santa Fe Railway Company operating trains on the switch in front of plaintiff's property.   Construction Co. v. Meddlegge, 75 Texas, 634; Railway v. Watts, 63 Texas, 553; Gwathney v. Railway, 12 Ohio St., 92.

3.   It is improper for the court to charge upon the weight of the evidence, to assume that particular facts have been proved, or to instruct the jury that any controverted fact has been admitted.   Sayles' Civ. Stats., art. 1317; Railway v. Murphy, 46 Texas, 356; Dwyer v. Bassett, 63 Texas, 274; Golden v. Patterson, 56 Texas, 628; Railway v. Hurless, 1 Ct. App. C. C., sec. 582.

*Ben S. Rogers*, for appellee.—1.   Misjoinder of parties and of causes of action when not apparent of record should be specially pleaded and verified.

2.   If two or more, though acting independently of each other, are at the same time guilty of a wrong which contributes to the injury of another, all or either of them are liable, and a wrongdoer can not be allowed to apportion or qualify his wrong; and if an actual loss or damage occurs while the wrongful act is in force or operation, they are liable for the injury done and the consequences that naturally follow from the act.   Rev. Stats., art. 1265; Markham v. Nav. Co., 73 Texas, 247; Ct. App. C. C., secs. 428–453; Cool. on Torts, p. 133; Construction Co. v. Meddlegge, 75 Texas, 635.

GARRETT, PRESIDING JUDGE, *Section B.*—W. C. Schill brought this suit against George H. McFadden, Frank McFadden, and the Gulf, Colorado & Santa Fe Railway Company, for damages to plaintiff's premises in the city of Brenham, by entering upon an open way in front thereof, taking a portion of said way, digging away the soil, and putting in a railway switch, and operating engines and cars along said switch.

The Gulf, Colorado & Santa Fe Railway Company answered by general demurrer and general denial and a plea of not guilty.   George H. and Frank McFadden pleaded a general demurrer, general denial, and specially, that the switch was built by the Gulf, Colorado & Santa Fe Railway Company along a public highway in the city of Brenham, after the right to do so had been obtained from the city council.   .

Trial was had before a jury, and there was a verdict in favor of the plaintiff for the sum of $400, and judgment thereon. Defendants moved for a new trial, which was refused, and they have appealed and assigned errors for which they ask a reversal of the judgment of the court below.

Appellants' first assignment of error is, that "the court erred in overruling the exceptions of defendants to plaintiff's first amended original petition, because it shows on its face that there is a misjoinder of parties defendant and causes of action."

An objection to the misjoinder of parties defendant can not be raised on general demurrer. Williams v. Bradbury, 9 Texas, 487; Shelby v. Burtis, 18 Texas, 644; Railway v. Le Gierse, 51 Texas, 200. No special exception or plea of misjoinder of parties was made by the defendants. It is such an error as may be waived. Delk v. Purchard, 64 Texas, 360. But looking to the facts of the case, we do not think there was a misjoinder of parties defendant, for it clearly appears from the evidence that the switch was built by the parties acting together with the common purpose to build a switch from the defendant company's track to the McFadden Bros.' compress; that the McFadden Bros. were to procure the right of way for the company, do the grading, and indemnify the company against damages; and that the company was to lay the track and operate the switch.

A brief summary of the facts will be necessary to the consideration of the remaining assignments of error. McFadden Bros. built a cotton compress west of the plaintiff's premises on the line of the western branch of the Houston & Texas Central Railway, and desired to have a sidetrack or switch laid from the Gulf, Colorado & Santa Fe Railway, which crossed the track of the Houston & Texas Central Railway Company south of plaintiff's premises, so that cars might be run from the track of the Gulf, Colorado & Santa Fe Railway Company to their platform. When their agent saw the officers of the company about putting in the switch, the latter agreed to do it if the McFadden Bros. would furnish the right of way, do the grading, and pay all expenses and damages. Schill owned the land in front of his premises to the line of the Houston & Texas Central track, and an open way had been left along the railway cut south of his inclosure for a number of years. Without condemnation, or consent of the plaintiff or other authority than the grant of the right of way by the city council to lay the switch, the McFadden Bros. entered upon plaintiff's land, excavated the soil, and graded it for a sidetrack for the Gulf, Colorado & Santa Fe Railway Company along the front of plaintiff's premises; and the defendant company laid the ties and iron and proceeded to run its engines and cars over the same from its main line to the McFadden Bros.' compress.

It was shown that the city opened a street to the rear of and abutting on plaintiff's premises on the north, which opened into a street running on the west side of the premises, and that McFadden Bros. contributed one-half of the price for the purchase of this street.   The open way on the south would seem from a preponderance of the testimony to have been reduced in width and greatly injured.   There was testimony showing that plaintiff's property had been considerably depreciated in value by the building of the switch, notwithstanding the opening of the street in the rear thereof.

Appellants complain of the action of the court in permitting the plaintiff, over the objection of McFadden Bros., to introduce evidence to show that engines had been run over the switch by the Gulf, Colorado & Santa Fe Railway Company, the McFaddens not being responsible for said acts of the railway company.   As we have seen, there was a common purpose between the defendants to take the land of the plaintiff for the purpose of building a switch and running cars thereon for the benefit of both the railway company and the McFadden Bros.' compress; and the operation of the track was in the contemplation of the parties when they built it, and if its operation injuriously affected plaintiff's property all of the defendants would be liable for the damages resulting therefrom.   The testimony was properly admitted.

Nor for the same reason could there be any objection to the admission of testimony to show that the bank of the cut next to the plaintiff's property was left in such a condition as to render it more liable to be washed away by the rains, because, although the grading was done by the McFaddens, it was in pursuance of the common purpose; and the condition in which the bank was put as rendering the property more liable to be washed away by rains was an element of damage that might be considered by the jury in determining the extent of the injury to plaintiff's property, and it would be admissible under the general allegation of damage.   This latter evidence was also in rebuttal on cross-examination of the witness Axer, who had testified that the street was in better traveling condition than it was before the laying of the switch, which would be a further reason for its admission.

In stating the case to the jury the court in its charge said, that the defendants McFadden had admitted in their answer that they in connection with the Gulf, Colorado & Santa Fe Railway Company had constructed said switch.   This has been assigned as error.   It is true that the defendants had filed a general denial, but the fact of the construction of the switch by the defendants was uncontroverted, and although the court should not charge upon the weight of the evidence or assume as proved facts that are in issue, still it is proper to treat uncontroverted facts as proved, for it enables the court to present the issues in the case more clearly for the consideration of the jury.

It is also contended, that the court erred in instructing the jury as follows: "The question for you to determine is, has the plaintiff's property been permanently damaged by the building and use of the railway switch and the taking up of a part of the street in front of plaintiff's property?" Several witnesses testified that the street, as the passage left in front of plaintiff's property was called, had been cut away and narrowed considerably. The witness Axer testified: "The street in front of Mr. Schill's property had always been narrow and dangerous to travel previous to the time of grading the same by the compress company. We did not cut away much if any of the bank. We simply leveled up what had caved down from the bank, and straightened it. We did not injure the street. It is in better condition for travel at the present time than I ever saw it. We spent a considerable amount of time in repairing it by straightening it and putting clay on the west end of it. The street was not disturbed in front of plaintiff's property; it is in better condition there now than it was before." This witness also testified, that there was plenty of room to pass in front of Schill's property; that the switch ran within seven feet of the fence at the southwest corner, and that it might be on Schill's land. Schill had refused to agree to the right of way, and Axer, who was the agent of the McFadden Bros., had told his workmen "to go on and grade the street, and let Schill pop his whip." It appeared from the evidence that Schill owned the land up to within a few feet of the Central track, and that the switch was upon his land. We do not think that this charge is obnoxious to the objection that it is upon the weight of evidence. It is shown by the testimony of the witness Axer himself, that the street had been graded, and that he must have used the word "disturbed" in the sense of "injured," as he said that the street was in better condition than it was before. The court also submitted in the succeeding paragraph of the charge the issue of taking the land, and we can not see that the defendants were in any manner injured by the charge.

The charge complained of in the seventh assignment of error was approved by the Supreme Court in the case of Railway v. Fuller, 63 Texas, 467, from which it seems to have been taken. In that charge, as well as the one now complained of, the jury were instructed, that in assessing damages to plaintiff's property they could look to the purpose for which it was used at the time of the injury. All the evidence as to the measure of damages was properly confined to the difference in value before and after the injury, and the measure of damages was correctly submitted by the court to the jury. There was no error in refusing the special instruction requested by the defendants, because the court had already correctly instructed the jury that they might look to all the evidence touching the fair valuation of plaintiff's property.

As before stated, the evidence showed that the defendants did act together in the construction of the railway switch from which injury resulted to plaintiff's property, so there was no error in refusing to give the special instructions requested by the defendants, that such fact not having been shown, and there being no evidence by which the damages could be apportioned, the jury should return a verdict for the defendants.

The judgment of the court below should be affirmed.

*Affirmed.*

Adopted March 22, 1892.