**HOUSING AND REDEVELOPMENT AUTHORITY OF the CITY OF ST. PAUL, Minnesota, Petitioner, Appellant,**

v.

**NAEGELE OUTDOOR ADVERTISING COMPANY OF the TWIN CITIES, INC., et al., Respondents-below,**

**Bud George, Respondent.**

**No. 48897.**

Supreme Court of Minnesota.

July 20, 1979.

Suzanne E. Flinsch, City Atty., and John Paul Martin, Asst. City Atty., St. Paul, for appellant.

Lais, Bannigan & Ciresi and John F. Bannigan, Jr., St. Paul, for respondent.

Heard before SHERAN, C. J., and TODD and SCOTT, JJ., and considered and decided by the court en banc.

TODD, Justice.

In November 1973, the Housing and Redevelopment Authority of the City of St. Paul (HRA) initiated proceedings to condemn the on-sale liquor premises owned and operated by Bud George. An appeal was taken by George from the commissioners' award of damages. The trial court allowed evidence of going-concern value and submitted this as a separate item of damages. We reverse and remand as to this issue.

The nature of the issue presented obviates the necessity of detailing the facts of this case. The issue presented in this case is whether a condemnee may recover going-concern value of an on-sale liquor business when no showing has been made that the condemnee would be unable to transfer the liquor license to another location.

In *State, by Mattson v. Saugen,* 283 Minn. 402, 169 N.W.2d 37 (1969), this court found an exception to the general rule that going-concern value is not compensable in a condemnation proceeding. *Saugen* involved the condemnation of a liquor business which, because of licensing restrictions, could not be located elsewhere as a practical matter. In reliance on *Saugen,* the trial court stated in the present case, in chambers prior to commencement of trial, that the property owner of an on-sale liquor business is entitled to introduce evidence of the going-concern value and recover such value over and in addition to whatever damages may be recoverable by reason of the value of the land, buildings, or fixtures. At that time in chambers our decision of *Frantz v. Board of Commissioners of Anoka County,* 297 Minn. 488, 210 N.W.2d 51 (1973), also was discussed and properly distinguished by the trial court. However, at that time in chambers neither the court nor counsel considered our decision in *City of Minneapolis v. Schutt,* 256 N.W.2d 260 (Minn.1977). At the close of evidence and before submission of the case to the jury, counsel for the HRA brought the *Schutt* case to the attention of the court.

In the *Schutt* case, the lessee of a parking ramp in downtown Minneapolis was subjected to a condemnation of 20 percent of his parking area. He could not replace the area and sought to invoke the *Saugen* case to permit an exception to the general rule precluding recovery of going-concern value in a condemnation proceeding. Referring to and quoting from the *Saugen* case, we stated (256 N.W.2d 262):

> "The *Saugen* case is similarly a factually confined exception to the general rule. In *Saugen,* the fee owner of a liquor lounge sought to recover going-concern value when his entire fee was taken by the state. The court acknowledged that a liquor license, while an intangible property interest, is nevertheless a compensable value where it is shown that the license cannot be transferred for use at another suitable location [footnote omitted]:
>
> "'The present case is one where the way is open to award appellant compen-

sation for the going-concern value of the business. Here the condemnee was deprived of far more than the value of cold assets. The exercise of the right of eminent domain effectively destroyed appellant's valid and unrevoked ability to continue to engage in the liquor business. The parties stipulated that absent the taking by the state, there was no evidence that appellant could not have continued to operate its lounge at the premises in question and that the appellant has gone out of the liquor business because it was unsuccessful in transferring its license to another location. It was unable to relocate because of the restricted liquor patrol limits and other peculiarities of the Minneapolis licensing situation. There is no problem here with a speculated loss because the going-concern value has been stipulated to be $17,500. Although a liquor license is a privilege vis-a-vis the licensing authorities, it has qualities of a property right as to third parties, and in eminent-domain proceedings we consider the condemnee to have a property right in his liquor license vis-a-vis the condemnor. The going-concern value of appellant's liquor lounge operating under a valid and unrevoked liquor license was a property right which was taken by the condemnor. As such, we hold that the facts of this particular case fall within an exception to the general rule of no compensation for incidental damages and that appellant is entitled to recover for the loss of the going business (stipulated as $17,500) as well as the usual award for the value of the real property taken (stipulated as $39,500).' 283 Minn. 415, 169 N.W.2d 46.

"In the case at bar, appellant is not losing any interest so well-defined as a liquor license, nor are its damages for the alleged loss of going-concern value stipulated so as to remove their speculative nature. It will continue to operate as a going concern, even if profits are somewhat reduced. The *Saugen* case cannot be read so far as to compel recovery here."

We also discussed in *Schutt* the United States Supreme Court decision in *Kimball Laundry Co. v. United States,* 338 U.S. 1, 69 S.Ct. 1434, 93 L.Ed. 1765 (1949), and the Michigan decisions in *Michigan State Highway Commission v. L & L Concession Co.,* 31 Mich.App. 222, 187 N.W.2d 465 (1971); *City of Detroit v. Wahlings, Inc.,* 43 Mich. App. 1, 202 N.W.2d 816, 58 A.L.R.3d 557 (1972); and *City of Lansing v. Wery,* 68 Mich.App. 158, 242 N.W.2d 51 (1976). From our review of these cases, we stated the following rule (256 N.W.2d 265):

> " * * * 'Compensation for loss of going-concern value will be permitted where the holder of the interest to be lost by condemnation can show (1) that his going-concern value will in fact be destroyed as a direct result of the condemnation, and (2) that his business either cannot be relocated as a practical matter, or that relocation would result in irreparable harm to the interest.' "

The trial court after reviewing this case concluded that *Schutt* did not change *Saugen,* and therefore *Saugen* mandated a separate rule for condemnation of on-sale liquor establishments; namely, that going-concern damages are always permissible in such cases. The matter was submitted to the jury which allocated a separate amount of damages for going-concern value. At a post-trial motion, the trial judge stated that he regarded the *Saugen* and *Schutt* cases as being in conflict, but stated that he remained persuaded, as he did in the course of trial, that *Schutt* does not change the rule of *Saugen.* The trial court concluded that *Saugen* permits recovery of going-concern value of a condemned on-sale liquor business without a showing that the licensee would not in fact be able to transfer the license to another location.

The trial court has erroneously construed our cases. *Saugen* is consistent with the *Schutt* requirement of inability to relocate. The *Saugen* case was limited to its facts based on the stipulation of the parties that the bar owner had gone out of the liquor business because it was unsuccessful in transferring its license to another location.

There is no evidence in the present case that the license holder has gone out of business because of his inability to transfer his license to another location. Rather, to the contrary, he is still in business at the same location, renting the premises from the HRA. We hold that the two-pronged test set forth in the *Schutt* case is applicable to condemnation of liquor establishments, and the criteria established therein must be met before there can be a recovery of going-concern damages.

Although the record shows no inability to relocate the liquor business, the procedural history of this case casts doubt as to whether the owner had a fair opportunity to present evidence on the criteria necessary to recover going-concern damages. Therefore, we remand the case to the trial court for further proceedings, limited solely to presentation of evidence and determination of the facts relative to the criteria established in *Schutt*. Based on the results of such a determination, judgment should then be entered consistent with this opinion.

Reversed and remanded.

OTIS, J., took no part in the consideration or decision of this case.