**QUEEN CITY LAND COMPANY, A Texas Corporation, Appellant,**

v.

**The STATE of Texas et al., Appellees.**

No. 13089.

Court of Civil Appeals of Texas, Austin.

June 11, 1980.

Rehearing Denied July 9, 1980.

Thomas H. Lear, Greg Gossett, Logan, Lear, Gossett & Harrison, San Angelo, for appellant.

William R. Moore, County Atty., Robert R. Sykes, Asst. County Atty., San Angelo, for appellees.

SHANNON, Justice.

Appellees, the State of Texas and Tom Green County, initiated eminent domain proceedings in the county court at law of Tom Green County to acquire an *easement* in and to twenty-one acres of land out of a larger tract owned by appellant Queen City Land Company and situated in Tom Green County. The acquisition of the easement was made necessary by reason of a highway construction project planned by the State. Appellees' petition in condemnation provided that access from the remaining property of the condemnee to the proposed highway to be built would be permitted.

After a jury trial, the county court entered judgment vesting *fee simple title* to the tract in appellees and awarding appellant $282.00 in addition to the commissioner's award of $170,000.00 that appellant had drawn down previously from the registry of the court. The judgment was silent with respect to appellant's right of access from its remaining lands to the highway.

Appellant's first point is that the court erred in vesting fee simple title in appellees. The petition in condemnation sought only an easement in and to the tract, not fee simple title. The relief afforded the court in an eminent domain proceeding, as in any other lawsuit, must be such and only such as is warranted by the pleadings. *City of Floyada v. Gilliam*, 111 S.W.2d 761 (Tex. Civ.App. 1937, no writ). No contention is made in response to the point that the matter of fee simple title was tried by consent. Point of error one is sustained.

Point of error two urges that the court erred in not saving and excepting from the judgment the oil, gas, and other minerals under the right-of-way previously owned by appellant. Appellees agree that the judgment is erroneous in this regard. Point of error two is sustained.

Appellant claims by its third point of error that the judgment should have provided that appellant's remaining lands would have access to the highway. Appellees' petition in condemnation specifically provided that "Access from remaining property to proposed highway facility will be permitted."

Texas Rev.Civ.Stat.Ann. art. 6674w–1 (1977) addresses the rights of abutting landowners to access to new highways whether constructed over previous highway rights-of-way or over new ones. *State v. Meyer*, 403 S.W.2d 366 (Tex. 1966). Article 6674w–1 recognizes preexisting access as a compensable item of damages and authorizes the Highway Commission, within its discretion, to grant access to abutting lands which theretofore had no access to such controlled access highway. *State v. Meyer, supra.*

Appellees' petition disclaimed any intent by appellees to condemn access to the remaining lands to the highway. Right of access as allowed by Tex.Rev.Civ.Stat.Ann. art. 6674w–1 (1977) remained in appellant. Appellees agree that appellant was entitled to such a recitation in the judgment. Point of error three is sustained.

Point of error four raises the general question of jury misconduct. "The court erred in overruling the defendant's motion for new trial based upon jury misconduct as set out in defendant's motion for new trial." Reference to the motion for new trial reveals the following: "Appellant says that there was jury misconduct in the deliberations following the trial of said cause as is more particularly set out in the affidavits of the jurors. . . ." Point of error four hardly complies with Tex.R.Civ.P. 418 in that the point does not ". . . direct the attention of the court to the error relied upon . . . ." Nevertheless, this Court has examined the statement and argument in the brief in an effort to determine the question of reversible error. *Fambrough v. Wagley*, 169 S.W.2d 478 (Tex. 1943).

Appellant's evidence at the motion for new trial was that one group of jurors espoused the valuation figure sponsored by appellees' witnesses. Another juror, Debra Stark McLucas, held out for a figure considerably higher. The difference between the two points of view was resolved by adding the two figures together and dividing by two. There was no evidence that there was an agreement in advance between the jurors to be bound by the figure so obtained.

There was further evidence taken at the motion for new trial explaining the process by which the jury, with the aid of a calculator, arrived at the market value of the tract condemned by appellee, considered as severed land.

Appellant, of course, had the burden to establish that jury misconduct occurred. *Watson v. Texas Indemnity Insurance Co.*, 210 S.W.2d 989 (Tex. 1948); Tex.R.Civ.P. 327. After careful consideration, this Court has concluded that appellant failed to establish jury misconduct.

The answers of the jury were plainly the result of a compromise between the opposing views of Debra Stark McLucas and the other jurors. Proof that the verdict of the jury was obtained by compromise does not constitute proof of misconduct. *Owens v. Missouri Pac. Ry. Co.*, 4 S.W. 593 (Tex. 1887); *Dickey v. Travelers Insurance Company*, 356 S.W.2d 156 (Tex. Civ.App. 1962, writ ref'd n.r.e.). "Compromise is the way intelligent men adjust their differences." *Patterson v. Hughes*, 227 S.W.2d 397 (Tex.Civ.App. 1950, no writ).

Appellant does not, and could not, urge that the jury rendered a quotient verdict. A "quotient verdict" is one in which the jurors agree to be bound by a figure determined by adding the sums they individually think proper and dividing that total by the number of jurors. *Landreth v. Reed*, 570 S.W.2d 486 (Tex.Civ.App. 1978, no writ); 3 McDonald, *Texas Civil Practice*, Sec. 14.13, p. 568 (Revised, 1970).

If it may be conceded that the jury's verdict was based upon illogical reasons, that, without more, does not constitute jury misconduct. In the absence of overt acts of misconduct, it is not permissible to probe

the minds of the jurors or supervise their process of reasoning. *Akers v. Epperson*, 171 S.W.2d 483 (Tex. 1943).

The use by the jury of a slide rule, *Solana v. Hill*, 348 S.W.2d 481 (Tex.Civ.App. 1961, writ ref'd n.r.e.), or a calculator, *Bobbie Brooks, Inc. v. Goldstein*, 567 S.W.2d 902 (Tex.Civ.App. 1978, writ ref'd n.r.e.), is not misconduct. Point of error four is overruled.

In point of error five, appellant contends that certain jury argument of appellees' counsel was improper. Appellant suggests four instances of alleged improper argument, the strongest being: ". . . I don't blame Mr. Eschman [appellant's president] for trying to get all he can. I certainly resent it, but I don't blame him and I, you know, have some question about it. I don't know. You may refer to it as . . oh, you may refer to it as greed or something of that nature, but what I am trying to get across is that we want to pay him the fair market value."

Counsel neither objected to the arguments nor asked the court to give an instruction to the jury to disregard the arguments.

Appellant has not shown to this Court nor has this Court discovered, cases condemning the specific argument of counsel. This Court recognizes, of course, that counsel is permitted latitude in discussing the facts and issues. Among other things, counsel may comment upon the bias or interests of the parties and witnesses. *Ramirez v. Acker*, 138 S.W.2d 1054 (Tex. 1940). Nonetheless, counsel is not permitted to indulge in inflammatory language in order to influence the jurors to return a verdict favorable to his client. *Ramirez v. Acker, supra.* "Greed" is a harsh word meaning an acquisitive desire beyond reason. "Greedy" is synonymous with insatiable, gluttonous, devouring, or grasping. The term "greed" is not to be used lightly when applied to the motives or conduct of others. In our opinion, counsel's use of the term was improper. Nevertheless, it is this Court's view that the argument was curable by instruction, *Stan-*

*dard Fire Ins. Co. v. Reese*, 584 S.W.2d 835 (Tex. 1979), and that appellant, by failing to object and press for an instruction at the time of argument, waived its complaint. *Turner v. Turner*, 385 S.W.2d 230 (Tex. 1964); *Maston v. Texas Employer's Insurance Ass'n*, 331 S.W.2d 907 (Tex. 1960).

Appellant's final point claims that the trial court erred in admitting value testimony of two witnesses because the comparable sales employed by those witnesses were so dissimilar to the 21.01-acre tract so as to have no probative force or value. Accordingly, appellant urges that there was no evidence to support the jury's verdict.

Underlying appellant's complaint is its contention that the 21.01-acre tract is a self-sufficient economic unit independent of the tract from which it was carved. Accordingly, appellant argues, the court erred in allowing the State's witnesses to testify to sales of much larger tracts.

By admitting the testimony of the State's witnesses, the trial court must have concluded that appellant's tract was not a self-sufficient economic unit, independent of the parent tract, and, as a result, its value should be ascertained by valuing the 21.01-acre tract as a part of the whole.

The trial court is afforded broad discretion in determining whether sales offered in evidence are comparable to the land being taken. The trial court's determination that a prior sale is sufficiently similar to be considered comparable cannot be reviewed except to determine whether there has been an abuse of discretion. *Trinity River Authority v. Hutchings*, 437 S.W.2d 383 (Tex.Civ.App. 1969, no writ); *Crouch v. State*, 413 S.W.2d 141 (Tex.Civ. App. 1967, no writ). This Court has considered the sales that were admitted into evidence and has concluded that the trial court did not abuse its discretion in the admission of the evidence. The sales were not so dissimilar so as to render them inadmissible as a matter of law. *Trinity River Authority v. Hutchings, supra.*

The judgment is reformed to provide that only an easement for highway purposes is

condemned and taken; that all oil, gas, and minerals previously owned by appellant are saved and excepted from the judgment; and that access from appellant's remaining property to the highway facility will be permitted as provided by Art. 6674w–1 and regulations promulgated thereunder. In all other respects, the judgment is affirmed.

Reformed, and as Reformed, Affirmed.