The STATE of Texas, Appellant,

v.

Robert L. ROGERS and Genevia Mae Rogers, Appellees.

No. 07–89–0024–CV.

Court of Appeals of Texas, Amarillo.

June 8, 1989.

Rehearing Denied June 5, 1989.

Jim Mattox, Atty. Gen., Dean Arrington and Richard D. Naylor, Asst. Attys. Gen., Austin, for appellant.

Huffaker, Green & Huffaker, Wayne C. Huffaker, Jr., Tahoka, for appellees.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

This appeal presents the question whether a condemnee is entitled, in a proceeding to condemn for highway right-of-way purposes the whole of his real property, as an element of his damages, evidence about the "good will" and "going concern" values of

his business. Concomitantly, it also presents the question of whether definitions of those elements should have been included in the court's instruction defining "market value," so that the jury could determine the proper market value of the condemnees' premises on the date they were condemned by the State. Moreover, it raises the issue as to whether the failure to allow the jury to consider these elements in its assessment of damages suffered by the condemnees amounted to an unconstitutional taking of their property without adequate compensation for that taking. It also presents the question as to whether the State is entitled to interest on the amount by which a deposit made by it in order to obtain possession of the premises, withdrawn and used by the condemnees pending jury trial, exceeds the condemnation damages awarded by the jury. We hold that all of the questions must be answered in the negative.

The appeal arises from a condemnation proceeding filed by the State of Texas (the State) against Robert L. Rogers and Genevia Mae Rogers (the Rogers) seeking possession of property in Lubbock upon which the Rogers had conducted a business known as Texas Auto Parts. On August 1, 1985, the Special Commissioners awarded the Rogers the sum of $150,000. That amount was deposited in the registry of the court on October 7, 1985 and withdrawn by the Rogers on October 10, 1985. After stipulation by the parties that the trial was limited to the value of the property taken, the case proceeded to trial in the Lubbock County Court at Law Number Two. On October 24, 1988, the jury returned its verdict that the value of the premises was $60,000. After the judgment, the trial court rendered its judgment awarding the State the difference of $90,000 but refusing to award the State the prejudgment interest it sought. Hence, both parties perfected their appeal.

In one point, the State seeks reformation of the trial court judgment to award it prejudgment interest on the $90,000 from October 10, 1985, the date the Rogers withdrew the deposit. In their first and fourth points, the Rogers present their contention that they should have been permitted to present evidence on the "goodwill" and "going concern" value of their business. In their second and fifth points, they attack the failure of the trial court to submit a definition of market value containing the elements of "goodwill" and "going concern" and, in their third and sixth points, they raise the constitutional questions enumerated above.

Because sustention of their points would require a remand, thereby obviating the basis of the State's point, logical continuity requires that we first discuss the Rogers' points. Consideration of appellees' first and fourth points requires us to note that the distinction between "goodwill" and "going concern" values is a subtle one and the terms are often used interchangeably. It has been suggested that a "going concern value" is predicated upon an estimate of future profits and relates to the productiveness of a well-operated, successful business and its sound future potential while "goodwill" is intangible and arises from reputation of a business and relates more to the personality of those conducting the business and the favor, reputation or advantage it may have. *See* 4 Nichols on Eminent Domain, § 1331(1) at 13–225–26 (3d ed. 1985). However, regarding the questions before us, the two are so closely related as to be governed by the same rule.

The relevant constitutional and statutory provisions governing this type of proceeding are Texas Constitution article I, § 17 and Texas Property Code Annotated § 21.042(b). Texas Constitution article I, § 17, in pertinent part, reads as follows:

> Sec. 17. No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made....

Texas Property Code Annotated § 21.042(b) reads:

> (b) If an entire tract or parcel of real property is condemned, the damage to the property owner is the local market value of the property at the time of the special commissioners' hearing.

In argument under their first and fourth points, the Rogers candidly admit that in cases such as this, where an entire tract of real estate is taken, the courts of this State have continuously denied compensation for elements such as "goodwill" and "going concern." That admission is well taken, for indeed it is well established that such compensation is not allowed. *Herndon v. Housing Authority of City of Dallas*, 261 S.W.2d 221, 222–23 (Tex.Civ.App.—Dallas 1953, writ ref'd). *See also Reilly v. State*, 382 S.W.2d 116, 120 (Tex.Civ.App.—San Antonio 1964, writ ref'd n.r.e.); *Reeves v. City of Dallas*, 195 S.W.2d 575, 582–84 (Tex.Civ.App.—Dallas 1946, writ ref'd n.r. e.); *State v. Parkey*, 295 S.W.2d 457, 461 (Tex.Civ.App.—Waco 1956, writ ref'd n.r. e.).

The reasons generally given by the courts to support the rule, as expressed by the *Herndon* Court are: (1) ordinarily the amount of profit depends more upon the capital invested, general business conditions, and the trading skill and business capacity of the person conducting it than it does upon the location of the business; and (2) it is only the real estate which is being taken, not the business. *Herndon v. Housing Authority of City of Dallas*, 261 S.W.2d at 223. Thus, it seems to be established that a condemnation proceeding is an in rem matter and is not a taking of rights of persons in an ordinary sense but is an appropriation of physical properties. *Reeves v. City of Dallas*, 195 S.W.2d at 581. That being the case, elements such as "goodwill" and "going concern," although they might be considered as property interests in other unrelated and different types of proceedings, have never been considered as physical property taken within the purview of the condemnation statutes.

The Rogers strenuously attack the reasoning underlying the established rule. They contend that any attempt to allow recovery from a physical taking, *i.e.*, the real property, without consideration of the effect of that taking upon the intangible, *i.e.*, the business conducted upon those premises flies in the face of modern views. In order to properly determine the compensation mandated by the Constitution and Statutes, they argue, the intricate relationship between the tangible property interest and the intangible "property" or interest, such as the business, must be recognized and any harm caused by the condemnation ascertained. While this argument might be persuasive were we writing on a clean slate, we are not. In view of the firmly-established status of the present rule, we cannot say that the reasoning that led to its establishment is so fallacious and inequitable as to prevent its application here.

■ The Rogers additionally argue that their situation warrants an exception to the general rule. They point out that their business was a local auto parts specialty shop, catering to, and dependent upon, local neighborhood businesses such as used car dealers, service stations, and machinery customers. By its condemnation of the highway right-of-way in the area and the consequent scattering of those businesses, they say the State destroyed the symbiotic relationship upon which much of their business depended. Without considering the damage caused to this unique and particular relationship, the Rogers contend the jury could not arrive at an equitable figure for the damages caused herein.

It is well established that in eminent domain proceedings the procedure is governed by statute and the statutory requirements must be strictly followed. *Coastal Indus. Water v. Celanese Corp.*, 592 S.W.2d 597, 599 (Tex.1979); *City of Bryan v. Moehlman*, 155 Tex. 45, 282 S.W.2d 687, 690 (1955). In that type of procedure, the condemnor's petition must, *inter alia*, "describe the property to be condemned." Tex.Prop.Code Ann. § 21.012(b)(1) (Vernon 1984). The State's petition contained the legal description of the real estate as the sole property to be condemned as a result of the proceeding. Issue was joined upon that description and, at trial the parties stipulated "that the only question to be resolved is the value of the property taken." The question, then, to be determined in this proceeding was the local market value of that real estate.

As we have noted before, the type of evidence the subject of those points is not, under decisional law, admissible to determine the value of the real property taken. That being the case, even assuming, *arguendo*, that the Rogers' was a unique symbiotic relationship, it would have been the *business* that was damaged, not the real property. While such damage might arguably be recovered under Texas Constitution art. I, section 17, as a separate cause, under the pleadings, it was not recoverable in this proceeding. *City of Austin v. Casiraghi*, 656 S.W.2d 576, 579 (Tex. App.—Austin 1983, no writ). Therefore, the exclusion of the questioned evidence was not error. The Rogers's first and fourth points are overruled.

■ As we noted above, in their second and fifth points, the Rogers attack the failure of the trial court, in its charge, to submit a definition of market value containing the elements of "goodwill" and "going concern." However, examination of the record reveals that the Rogers neither objected to the charge nor did they submit any requested instruction containing definition of market value as they suggest it should have been defined. The Rogers have, therefore, waived any right to complain of the charge as submitted. *Suther v. State*, 395 S.W.2d 871, 873 (Tex.Civ.App.—Waco 1965, no writ); *State v. South Main Baptist Church*, 361 S.W.2d 898, 902–03 (Tex.Civ.App.—Houston 1962, writ ref'd n.r.e.). The Rogers' second and fifth points are overruled.

■ In their third and sixth points, the Rogers contend that the condemnation of their property was unconstitutional because adequate compensation was not given for the "goodwill" and "going concern" elements of their business. The disposition which we have made of the Rogers's first and fourth points foreshadows the disposition which we now make of these points. As we pointed out above, under the Texas statutory procedures, a condemnation such as this is an in rem proceeding for the taking of the tract described in the State's petition. Those statutes prescribe a constitutionally viable mechanism for determination of the damage suffered by a condemnee because of the taking of such property. *Reeves v. City of Dallas*, 195 S.W.2d at 582–84; *Joiner v. City of Dallas*, 380 F.Supp. 754 (N.D.Tex.) *aff'd*, 419 U.S. 1042, 95 S.Ct. 614, 42 L.Ed.2d 637 (1974), *reh'g denied*, 419 U.S. 1132, 95 S.Ct. 818, 42 L.Ed.2d 831 (1975). Since the damages, if any, to "goodwill" and "going concern" are related to the Rogers's business and not to real property actually taken, the federal and state mandates prohibiting the taking of property without adequate compensation were not violated in this in rem proceeding for the taking of real property. The Rogers's third and sixth points are overruled.

■ Since we have overruled all of the Rogers's points, it becomes necessary for us to consider the State's point in which it challenges the refusal of the trial court to award it prejudgment interest on the difference between the amount withdrawn by them and the amount finally awarded by the trial jury. The State recognizes that at least until 1985, and in spite of contrary dicta in *Housing Authority of City of Dallas v. Dixon*, 250 S.W.2d 636 (Tex.Civ.App.—Dallas 1952, writ ref'd n.r.e.), the decisional rule has been that a condemnor was not entitled to prejudgment interest on the excess between the special commissioners' award and the jury award withdrawn and used by the condemnee. *See Maddox v. Gulf, Colorado & Santa Fe Railway Co.*, 293 S.W.2d 499, 507 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n.r.e.); *Davidson v. County of Harris*, 454 S.W.2d 830 (Tex. Civ.App.—Houston [1st Dist.] 1970, writ ref'd n.r.e.); *Buzzard v. Mapco, Inc.*, 499 S.W.2d 352 (Tex.Civ.App.—Amarillo 1973, writ ref'd n.r.e.). The basis for the rule was articulated by the *Maddox* Court as follows:

> Realizing full well the logic of an argument to the contrary, we nevertheless believe the more rational rule to be established in such a case would be that which denies a condemnor any right to recover interest on such an overpayment. A condemner is not compelled to pay the amount found by the commissioners to the property owner, or deposit it in the

court. A condemner is given the option of doing so and "taking" property without further delay, or delaying its "taking" until judgment has become final. A property owner has no similar right of election, but must abide by the election of the condemner. When the condemner elects to "take" the property without delay it delivers the amount of the commissioners' award to the property owner, or deposits it in court subject to his order. In either event the condemnee receives full control of the money perforce the statute's operation. Constructively, his consideration therefor is paid in the delivering of his property to the condemner, or, if it not be proper to view the transaction as one wherein a consideration moves out of the property owner, nevertheless such property owner cannot prevent the money from coming under his dominion. In our opinion it matters not which should be considered the proper basis for the rationale, the property owner should not be charged interest on the money.

The State argues that these decisions ignore the fact that the landowners had the use of the condemnor's money, to which they were not entitled, during the interim period. Therefore, the failure to require the Rogers to pay interest amounts to an unjust enrichment of them. The State suggests that the Court's decision in *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985) might have been the harbinger of a change in the court's attitude. In *Cavnar*, which by its terms was limited to wrongful death, survival and personal injury cases, the Court pointed out that the time had come to revise the prejudgment interest rule "to make injured parties whole and restore equity and symmetry to this area of the law." *Id.* at 554.

However, the State then points out the decision of the Court in *City of Houston v. Wolfe*, 712 S.W.2d 228 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd), in which the Court suggested that the *Cavnar* rationale extended to all types of cases and utilized that rationale to award a condemnee prejudgment interest on the amount by which the jury award in that condemnation suit exceeded the award of the special commissioners. The State presents a "what is sauce for the goose is sauce for the gander" argument, and theorizes that if it is necessary to restore equity and symmetry in a condemnation suit to award prejudgment on such an excess amount to a condemnee, it would be equally necessary to award a condemnor prejudgment interest in a like situation. We disagree.

The State's argument ignores the basic distinction between a condemnor and a condemnee in a case such as this. As noted by the *Maddox* Court, a condemnor, in its sole discretion, may elect to make a deposit equal to the commissioners' award and take immediate possession of the premises, or await the decision of the jury. If it chooses to make the deposit, it receives the benefit of taking immediate possession of the premises, thereby depriving the condemnee of that possession pending trial. The *quid pro quo* for the condemnor's right of immediate possession of the premises pending the condemnee's day in court, is the condemnee's right to use of the money pending court determination of his damages. The reasoning of the *Maddox* case is valid and there is no such imbalance of equities as to require a *Cavnar* type allowance of prejudgment interest to the condemnor. The State's point of error is overruled.

In summary, all points of error are overruled and the judgment of the trial court is affirmed.