## CITY OF BRYAN v. C. B. MOEHLMAN ET UX

No. A-5253. Decided October 5, 1955.
Rehearing overruled November 2, 1955.
(282 S. W. 2d Series 687)

46

*John M. Lawrence III,* of Bryan, for petitioner.

The Court of Civil Appeals erred in reversing the action of the trial court because respondents had adequate remedy at law by way of appeal to the county court; in holding that the commissioners were interested officials, and in holding that the City was required to pay into the registry of the court the costs before taking possession of the premises. Ellis v. Houston & T. C. Ry. Co., 203 S.W. 172; Benat v. Dallas County, 266 S.W. 539; Gulf C. & S. F. Ry. Co. v. Ft. Worth R. & G. Ry. Co., 86 Texas 537, 26 S.W. 54.

*Coulter Hoppess,* of Bryan, for respondents.

MR. JUSTICE CULVER delivered the opinion of the Court.

The City of Bryan instituted in the County Court of Brazos County proceedings to condemn a strip fifty feet wide out of land belonging to respondents, Moehlman and wife, for street purposes under the right of eminent domain.

The parties failing to agree, the County Judge on August

17, 1954, appointed, under the provisions of Article 3264, V.A. C.S., three special commissioners to assess the damages. The commissioners after a hearing made an award of $200.00. The amount of this award was paid into the registry of the court. The City promptly entered into possession and began to clear and grade the strip.

Thereafter on September 2nd respondent filed suit in the District Court of Brazos County seeking an injunction and damages against the City alleging that the county court proceedings were null and void on two grounds: (1) that two of the commissioners appointed, Williamson and Halsell, were not "disinterested freeholders" as a matter of law for the reason that they were duly appointed, qualified and acting members of the Board of Equalization for the City of Bryan for the year 1954; (2) that the City of Bryan had not paid into the registry of the court the court costs which had been awarded against it as provided by Sec. 1, Art. 3268.

Upon a hearing the District Court dissolved the temporary restraining order granted and dismissed the cause.

On appeal the Court of Civil Appeals reversed (276 S.W. 2d 414) holding the condemnation proceeding to be void for the reasons asserted by the respondents. We think the trial court's dismissal was correct and the judgment of the Court of Civil Appeals therefore reversed.

At the outset the respondents relied strongly on Lone Star Gas Company v. City of Fort Worth, 128 Texas 392, 98 S.W. 2d 799, 109 A.L.R. 374, and say that they "have predicated their entire action in the district court and their conduct in this entire matter on the statements made and the authorities cited by Judge German" in that case. The holding by Judge German was to the effect that if the condemnation proceeding is void the district court may properly issue the injunction. In that case no question was raised as to strict compliance with prescribed condemnation procedure. There was just no procedure provided by law to condemn and appropriate the property of the Lone Star Gas Company. The court held that until such procedure was established by law, the city could not condemn.

Petitioner City asserts that the Court of Civil Appeals erred in three respects: (1) in failing to hold that the respondents had an adequate remedy at law by appeal to the county court and thence to the Court of Civil Appeals; (2) in holding that

the commissioners were as a matter of law not "disinterested freeholders;" (3) in holding that the failure of the City to pay the costs prior to entering upon and taking possession of the premises rendered the proceeding void.

■ The question of the asserted disqualification of the commissioners appointed to value land in condemnation proceedings has been the subject of appeal in several cases. McInnis v. Brown County Water Improvement Dist., Texas Civ. App., 41 S.W. 2d 741; Cox v. Brown County Water Improvement District, Texas Civ. App., 45 S.W. 2d 1118; Schooler v. State, Texas Civ. App., 175 S.W. 2d 664, er. ref., w. o. m. We have been cited to no authority holding that the disqualification of such a special commissioner would render the proceeding void or subject to collateral attack.

Very much in point is the case of Gulf C. & S. F. Ry Co. v. Ft. Worth & R. G. Ry. Co., 86 Texas 537, 26 S.W. 54. In that case under somewhat similar facts an application in the district court for injunction was denied. The Court of Civil Appeals held:

" ' * * * If the commissioners were disqualified, or there was any other irregularity in the proceedings, appellant's remedy was adequate and ample by the proper proceedings in the county court to contest the award of the commissioners, and by appeal, if necessary. * * * ' "

In affirming that decision Justice Brown wrote:

" * * * It is alleged that plaintiff did not know of the disqualification of the commissioners at the time of the trial. But we find in the petition for injunction, filed on the 7th day of August, four days after the award was filed, substantially the same allegation as a ground for holding the award void. Under the law, the award could not be made the judgment of the court until after the expiration of 10 days from the time it was returned into court, and, during that time, plaintiff, by filing objections to it, would have been entitled to a trial de novo before a jury, by which objections it would have set aside the award, and thus have secured ample protection before the county court, with the right of appeal to the court of appeals if its rights were not fully protected by the judgment of the county court. Having failed to avail itself of so simple and effective a remedy, we see no reason why the rules of law by which such proceedings are held to be binding upon parties to them, when

duly notified, should be departed from, and a collateral attack allowed to be made upon the proceedings of a court of competent jurisdiction. * * * "

We therefore hold that the respondents had an adequate remedy at law in the county court and by appeal therefrom.

It developed in the hearing before the district court that the petition for injunction had been filed two days after the date of the award and as soon as attorney for respondents learned of the fact that two of the commissioners were members of the City Board of Equalization for 1954. The record shows that the Board of Equalization had reviewed all of the values individually and collectively and had adjourned on June 24, 1954, and there has been no meeting of the Board since that time. The members of the Board by authority of the City Commission were paid in full for their services on June 23, 1954. The Tax Assessor and Collector of the city had prepared the assessment rolls on the basis of the findings of the Board of Equalization and the tax levy had been apportioned by the city commissioners for the current year on July 9, 1954. Two members of the Board of Equalization who had served in preceeding years testified that the same procedure was followed in 1954 as in the preceeding years and the Board was not called upon to perform any duties after the preparation of their report and final adjournment.

Respondents introduced in evidence certain provisions of the city charter pointing out some more or less formal duties that had not been performed by members of the Board of Equalization. The principal omission seems to be that the tax rolls, after completion by the Tax Assessor and Collector, were not thereafter presented to the Board of Equalization for its approval and certification. It does appear, however, that all of the duties that the Board performed for the City of Bryan during the year 1954 had been completed on June 24th.

■ Moreover a board of equalization is a quasi judicial body. Victory v. State, 138 Texas 285, 158 S.W. 2d 760. The members of the board, although appointed, must act independently in the performance of their duties and are not subject to control or supervision by the city authorities. We believe, therefore, that they are not disqualified as a matter of law.

■ We are equally convinced that the failure on the part of the City to deposit the amount of costs at the time it paid the award

is not such an irregularity or noncompliance with the statute that would render void the entire proceedings. In Susholtz v. City of Houston, Texas Com. App., 37 S.W. 2d 728, it was held that the payment of costs is for the benefit of the officers of the court and not for the benefit of the property owners and that the entry of the City of Houston on the land was not unlawful even though the city did not file a cost bond. While the court was there construing a provision of the city charter, the principle involved is the same as here. The Susholtz decision was followed by the Court of Civil Appeals in Sherrill v. Brazos River Transmission Electric Cooperative, Inc. 263 S.W. 2d 669, ref., n.r.e.

We recognize the rule expressed in Wilbarger County et al v. Hall, Texas Com. App., 55 S.W. 2d 797 and other cases cited by respondents that in condemnation proceedings the requirements of the statutes are to be strictly followed. This rule is for the benefit of the landowner. Here the statute was strictly complied with in all respects in so far as the protection of the landowner was concerned.

■ Finally, respondents raise the question of the jurisdiction of the county court of Brazos County to try condemnation proceedings under the right of eminent domain. This jurisdictional question is somewhat confused but from a review of the legislative enactments we believe the county court does have jurisdiction of condemnation proceedings and not the district court.

Session Laws, 1917, 35th Leg., Ch. 96 established the 85th Judicial District composed of Brazos and Robertson Counties. Section 11 of that chapter sets out the jurisdiction of the county court of Brazos County as covering probate matters, administrtion of estates, appointment of guardians, issuing of necessary writs and punishment for contempt and concluded "and the said county court of Brazos County shall have no other jurisdiction civil or criminal." Section 12 provides that "the District Court of Brazos County * * * shall have and exercise jurisdiction in all civil and criminal matters and causes over which by the laws of this state the county *clerk* (sic) of said county would have jurisdiction * * * except as provided in this act, and the same are hereby transferred to the district court of said Brazos County * * * ." The 1925 revision changed the act to read as follows, Art. 199, Sec. 85:

"The District Court of said Eighty-fifth Judicial District shall have all the powers 1 jurisdiction as district courts by

and under the Constitution and laws of this State, and in addition thereto shall have and exercise jurisdiction in all civil and criminal matters and causes over which by the laws of this State the respective county courts of Robertson and Brazos Counties shall have jurisdiction, original or appellate, except as provided by law and the same are hereby transferred to the District Court of said counties." (Acts, 1917, p. 256.)

The 48th Legislature[1] amended subdivision 85 of Art. 199 so as to change the time and terms of holding the 85th District Court in Robertson and Brazos Counties and omitted any reference to the jurisdiction of that court or of the county court of Brazos County, Art. 199, Sec. 85, V.A.C.S.

Art. 1960, V.A.C.S., provides:

"Where the jurisdiction of a county court has been taken away, altered or changed by existing laws, the same shall remain as established, until otherwise provided by law. Jurisdiction shall obtain in all matters of eminent domain over which the county courts have jurisdiction by the general laws of this state. Acts 1885, p. 77; G.L. vol. 9, p. 697."

We hold that this statute controls and that jurisdiction lies in the county court of Brazos County in matters of condemnation under the right of eminent domain. Missouri-Kansas-Texas R. Co. of Texas v. Jones, Texas Com. App., 24 S.W. 2d 366; Gulf Coast Irr. Co. v. Gary, 118 Texas 469, 14 S.W. 2d 266; 17 S.W. 2d 774; Southern Kansas Ry. Co. of Texas v. Vance, 104 Texas 90, 133 S.W. 1043.

The judgment of the trial court in dismissing this cause is affirmed and the judgment of the Court of Civil Appeals is reversed.

Opinion delivered October 5, 1955.

Rehearing overruled Nov. 2, 1955.

---

[1]Gen. & Spec. Reg. Ses., 48th Leg., (1943), Ch. 36, p. 39.