Robert E. LANGSTON et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 3585.

Court of Civil Appeals of Texas.

Waco.

July 10, 1958.

Rehearing Denied Aug. 1, 1958.

W. W. Mason, Mexia, Bowlen Bond, Teague, for appellants.

Bradley & Geren, Reed & Cannon, Groesbeck, for appellee.

McDONALD, Chief Justice.

This is a suit for injunction, brought by The State of Texas against Robert Langston and wife and Ivan Thorne, growing out of a condemnation suit previously filed

by the State against Robert Langston and wife, to condemn right-of-way for the construction of a state highway in Limestone County. The statutory procedure was followed on the appointment of Special Commissioners, who, after hearing, awarded the landowners $4419.80. After the award was made Limestone County deposited such amount with the County Clerk to the credit of the condemnees. Defendants Langston and wife filed their objections to the award and the condemnation case is now pending in the County Court. Defendant Ivan Thorne (who is father of Mrs. Langston), subsequent to the foregoing, refused the State Highway Department permission to enter the land condemned. The State filed this suit for injunction against Langston and wife and Ivan Thorne, alleging that they had "forbidden the officials, servants and employees of the State of Texas, to enter upon the land for the purpose of constructing said highway", and "by refusing permission to the State of Texas to enter on said property and construct said highway, is holding up the construction of said highway." A temporary restraining order was granted the State and upon hearing the Trial Court issued a temporary injunction against defendants decreeing that pending final hearing of this cause defendants Langston and wife and Ivan Thorne be enjoined from in any manner interfering with the construction and building of State Highway 14 and interfering in any manner with the State of Texas, its agents, servants, employees or contractors or subcontractors, their agents and employees working on the construction of the highway.

Defendants appeal, contending the Trial Court erred in entering the injunction against them because:

(1) Injunction will not lie to restrain an uncertain injury, or an apprehension of an injury.

(2) The State did not deposit the costs (in addition to the amount of the award).

(3) The statutes in the condemnation proceeding having been ignored, the proceeding is void.

(4) The Farmers State Bank of Mexia was a lienholder on the property, and was not made a party to the original condemnation suit, and the whole proceeding is void.

(5) The award of the Commissioners is void because same does not contain a description of the property sought to be condemned.

(6) The award of the Commissioners is void because same does not specify the purposes for which the land is sought to be condemned.

The sum of defendants' contentions on appeal is: (1) The State did not prove up that defendants positively *forbade* and refused the employees of the State to come on the land; (2) that the condemnation proceeding which is the basis for the injunction suit is defective in a number of respects, for which reason it cannot serve as the basis for an injunction.

Reverting to the defendants' first contention: The State plead that Ivan Thorne had forbidden the officials, servants, agents and employees of the State to enter upon the land to construct the highway. The record shows that Bill Popejoy, an employee of the State Highway Department, went on the property under instructions from the Resident State Highway Engineer, on May 5th. He testified as follows:

"Q. What, if anything, did Mr. Thorne tell you? A. As we crossed the creek he drove up and got out and walked down to where we were and we had drove two stakes and he said, 'Do you know that they don't have this right-of-way?' and I said 'No, I didn't', and I said, 'The Engineer told me it would be all right to go in there and stake it', and he said, 'Well, he damn sure don't know what he is talking about', and I said, 'Well, what do you

'want me to do, get off?' and he said, 'Yeah, get your stakes and get off.'

"Q. Did you get your stakes and get off? A. Yeah."

The record reflects that Mr. Thorne told Ben Pearce, another employee of the State Highway Department, to get off the land on May 9th.

Mr. Thorne testified that he was the father of Mrs. Langston; that he was interested in his daughter and son-in-law and in their setup; that he would not agree for the road to be built through the condemned right-of-way until the matter was all settled.

Defendants contend that since the Highway employees were in no way threatened; and since they were not thrown out bodily; and since Mr. Thorne had a right to tell them that he wanted them to leave the property; that there is no evidence that Mr. Thorne forbid anyone from going on the property and that injunctive relief cannot be granted under the foregoing.

■■ This is an appeal from the granting of a temporary injunction pending final hearing. The Trial Court's action in this respect cannot be disturbed except when a clear abuse of discretion be shown. See 24–A Tex.Jur. p. 41 and cases collated under Note 9. Mr. Thorne was father to Mrs. Langston and father-in-law to Mr. Langston, owners of the condemned land, and was on the land. There is no denial that he was acting for the Langstons—only an assertion that his conduct was not sufficiently threatening as to give rise to injunctive relief. 24–A Tex.Jur. p. 54 states the rule thus:

"If the impending injury is reasonably so threatening and certain, however, as to justly arouse the fears of the applicant, the writ should be granted."

Mr. Thorne, acting for the owners, told the highway employees to get their stakes and get off, and testified in this case, that

he was unwilling for the road to be built until the condemnation suit was completely settled. We think that the State did not have to wait until one of its employees was injured before seeking an injunction. When a person tells another to get off of his property we think that the second party is entitled to rely on the fact that the owner means what he says.

■ Defendants' second contention is that the condemnation made the basis of the instant injunction suit is defective in a number of respects, for which reason it cannot serve as the basis for an injunction. The State did not deposit the accrued court costs prior to entry on the land. The failure to deposit the costs is not such an irregularity as to render the proceeding void. City of Bryan v. Moehlman, 155 Tex. 45, 282 S.W.2d 687. Moreover, the payment of costs is for the benefit of the officers of the court and not for the property owners' benefit. Susholtz v. City of Houston, Tex.Com.App., 37 S.W.2d 728; 16 Tex.Jur. p. 827. Defendants contend that the statutes in condemnation proceedings have been ignored in the manner of the awards to defendants. The award made was $500.30 for the value of the land condemned; $469.50 for labor and material for building of fences; *$450 for removing 3 barns*; and $3,000 to the remainder of defendants' property, all totaling $4419.80. We do not think that this irregularity voids the proceeding. If defendants have any complaints in this behalf there is ample opportunity for correction in the trial de novo pending in the County Court. The State deposited the total amount of the award, and this is all that it is required to do. The Farmers State Bank was a lienholder on the property. They were not parties in the condemnation proceedings before the Commissioners. Defendants contend that the failure of the lienholder to be made a party vitiates the proceeding so that it will not support the injunction. A mortgagee is not the owner of land, nor is he entitled to possession. Carroll v. Edmondson, Tex.

Com.App., 41 S.W.2d 64. The joinder of the bank was not necessary, insofar as the defendants were concerned. We do not pass on the question presented had the bank been the party objecting to the employees of the State coming on the land. Defendants say that the Commissioners' award does not describe the land taken, or the purpose for which it is taken. The award states the land is "as fully described in plaintiff's petition on file herein" and is "right-of-way". The award is styled "The State of Texas", etc. We perceive no merit in this contention. It is our view that the condemnation proceeding made the basis of this injunction suit is not void and that the alleged defects are either non existent, or immaterial to the validity of the injunction suit for the reasons stated.

Finding no reversible error, the judgment of the Trial Court is affirmed.

HALE, J., not participating.