George R. BLASINGAME and Laverne Blasingame, Relators,

v.

The Honorable L.J. KRUEGER and the Honorable Robert S. Pieratt and County Court at Law of Washington County, Texas in Brenham, Texas, Respondents.

George R. BLASINGAME and Laverne Blasingame, Relators,

v.

The Honorable John L. PLACKE, District Court Judge of the 21st Judicial District of Washington County, Texas, Respondent.

No. C14–90–00627–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 6, 1990.

Skylar Blasingame, Irving, Michael J. Simmang, Giddings, for relators.

Oliver Price, Mark Heidenheimer, Austin, for respondents.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

This mandamus concerns an order by Respondent Krueger granting the real party in interest's Motion to Quash in an eminent domain proceeding.

The relevant procedural facts are as follows:

On January 17, 1990, the real party in interest, the State of Texas, filed a Petition for Condemnation against relators, George and LaVerne Blasingame, in the County Court of Law of Washington County.

On February 6, 1990, respondent, the Honorable Robert Pieratt, appointed special commissioners pursuant to TEX.PROP. CODE ANN. § 21.014(a) (Vernon 1984).

On March 15, 1990, the special commissioners authorized relators to issue a subpoena to Arnold Oliver, Director of the Texas Department of Highways and Public Transportation, and a subpoena duces tecum to Donald Holtkamp, an appraiser for the State of Texas. TEX.PROP. CODE ANN. § 21.014(c) (Vernon 1984).

On April 16, 1990, the State of Texas filed a Motion to Quash each subpoena and a Motion to Substitute Commissioners in the County Court at Law of Washington County.

On April 16, 1990, these motions were heard by respondent, the Honorable L.J. Krueger, sitting as visiting judge for Respondent Pieratt. Respondent Krueger has since been permanently assigned to the condemnation proceeding.

On April 23, 1990, Respondent Krueger entered three orders granting both of the State of Texas' Motions to Quash and setting a hearing date for the special commissioners.

On May 15, 1990 Respondent Krueger refused to hear relators' objections to the above orders, filed a day earlier. On May 22, 1990, Respondent Pieratt did likewise.

On May 30, 1990, relators filed a Motion for Leave to File Petition for Writ of Mandamus in the 21st District Court of Washington County.

On June 22, 1990, Respondent Placke entered an order denying the above motion.

On July 12, 1990, Respondent Krueger refused to hear relators' Motion to Reform and Correct the April 23rd orders, also filed a day earlier.

On July 25, 1990 relators filed their Motion for Leave to File Petition for Writ of Mandamus to this Court.

On July 30, 1990, we granted relators' Motion for Leave and ordered a stay of the orders entered by the County Court at Law for Washington County.

The Texas Supreme Court, in *Amason v. Natural Gas Pipeline Company*, 682 S.W.2d 240 (Tex.1984), described the character of eminent domain proceedings in Texas:

The Texas land condemnation scheme is a two-part procedure involving first, an administrative proceeding, and then if necessary, a judicial proceeding. When a party desires to condemn land for public use but cannot agree on settlement terms with the landowner, that party must file a statement seeking condemnation in the proper court, either district court or county court at law, of the county in which the land is located. TEX.PROP. CODE ANN. § 21.001; 21.012; 21.013 (Vernon 1984). Upon the filing of this statement, the trial court judge is to appoint three Special Commissioners who assess the damages and then file an award which, in their opinion, reflects the value of the sought-after land. TEX.PROP.CODE ANN. § 21.014–21.016.

The Special Commissioners' power, however, is limited to filing in the proper court an award of fair compensation for the condemnation. *Brazos River Conservation & Reclamation District v. Allen*, 141 Tex. 208, 171 S.W.2d 842, 846 (Tex.1943); *Texas Electric Service Co. v. Faudree*, 410 S.W.2d 477, 481 (Tex.App. —El Paso 1966, writ ref'd n.r.e.); TEX. PROP.CODE ANN. § 21.014. For example, the Special Commissioners are powerless to decide whether the condemnor pos-

sesses the right to condemn the property in the first place. *From the time the condemnor files the original statement seeking condemnation up to the time of the Special Commissioners' award these initial proceedings are administrative in nature.* Lower Nueces River Water Supply District v. Cartwright, 160 Tex. 239, 328 S.W.2d 752, 754 (Tex. 1959); *Pearson v. State,* 159 Tex. 66, 315 S.W.2d 935, 936–37 (Tex.1958).

 \* \* \* \* \* \*

If the condemnee is dissatisfied with the Special Commissioners' award, he must file his objections in the appropriate court. TEX.PROP.CODE ANN. § 21.021(a)(1). *Upon the filing of objections, the Special Commissioners' award is vacated and the administrative proceeding converts into a normal pending cause in the court with the condemnor as plaintiff and the condemnee as defendant.*
*Amason,* 682 S.W.2d at 241–42 (emphasis added).

 A writ of mandamus is an extraordinary remedy and issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. A relator who attacks the ruling of the trial court as an abuse of discretion labors under a heavy burden to establish under the circumstances of the case, that the facts and law permit the trial court to make but one decision. This determination is essential because mandamus will not issue to control the action of a lower court in a matter involving discretion. *Johnson,* 700 S.W.2d at 917.

Relators contend Respondent Krueger clearly abused his discretion when he entered the April 23rd orders quashing both of relators' subpoenas and setting a hearing for the special commissioners. Relators argue not only that the orders did not conform to Respondent Krueger's rendition during the April 16th hearing, but also that Respondent Krueger was without jurisdiction to act on any exercise of power by the special commissioners. Relators also contend Respondents Krueger and Pieratt abused their discretion in refusing to hear relators' objections to the April 23rd orders and in refusing to void those orders. Alternatively, relators contend Respondent Placke abused his discretion by refusing to grant relators' Motion for Leave on the basis that he did not have jurisdiction to mandamus a county court judge in a special commissioners hearing.

Relators further argue they have no adequate remedy at law other than mandamus. They point out that the comparables used by Holtkamp at the special commissioners level to assess the value of their land and other comparable land in the area will "forever" be unavailable to them if Respondent Krueger's order is left to stand. This is so, according to relators, because upon objection to the special commissioner's award, the State will appoint a new appraiser at the county court level and designate Holtkamp as a "pure consulting expert", thus shielding his work product from discovery. TEX.R.CIV.P. 166b(3)(b) (Vernon Supp.1990).

The real party in interest, the State of Texas, contends the relators are wrongly attempting to employ the rules of discovery in an administrative proceeding. It argues not only that such rules are inapplicable to administrative proceedings, but also that § 21.014(c) of the Property Code only applies to compel the production of oral testimony and not documentary evidence. As a result, the State argues, the special commissioners exceeded their authority in ordering the subpoena of the comparables in question. In addition, the State claims it was proper for Respondent Krueger, in his administrative capacity, to quash the subpoena and order a hearing in accordance with § 21.015(a) of the Property Code. Furthermore, the State points out the relators have an adequate remedy at law because they may appeal the award of the special commissioners by filing timely objections. Those objections, according to the State, would invoke the jurisdiction of

the county court at law in a trial de novo where the rules of civil procedure apply.

■ The power of the county court as a judicial tribunal in eminent domain proceedings is limited to that which is conferred upon it by statute. *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 937–38 (1958). Accordingly, in the absence of timely filed objections, the county court has no jurisdiction to do anything more than accept and adopt the award of the special commissioners as its judgement. This follows by operation of law and the ministerial act of the county judge. As distinguished from the county judge in his administrative capacity, there is nothing which the county court can hear and determine by the exercise of its judicial powers in a special commissioners proceeding. *Pearson*, 315 S.W.2d at 938.

■ While the Property Code gives the county court judge administrative power to appoint and replace special commissioners, and to accept and adopt their award, it says nothing about the county court judge's power, if any, to oversee the exercise of powers given to the special commissioners under the Code. See Tex. Prop.Code Ann. § 21.001 et seq. (Vernon 1984). We need not address this question, however, because even if Respondents Krueger and Pieratt exceeded their administrative authority in quashing relator's subpoenas, relators have an adequate remedy at law by virtue of a trial de novo. Mandamus is the proper remedy only when errors or irregularities before the commissioners render the proceeding void. *Pearson*, 315 S.W.2d at 939; *City of Dallas v. Martin*, 711 S.W.2d 285, 287 (Tex.App.— Dallas 1986, writ ref'd n.r.e.), citing *Tonahill v. Gulf States Utilities Company*, 446 S.W.2d 301, 302 (Tex.1969) and *City of Bryan v. Moehlman*, 155 Tex. 45, 282 S.W.2d 687 (Tex.1955). The failure of the commissioners to hear certain evidence prior to making an award does not render the special commissioners proceeding void. See *City of Houston v. Bankers Mortgage Company*, 514 S.W.2d 326, 328 (Tex.App.— Houston [14th Dist.] 1974, writ ref'd n.r.e.).

Relators argue they are without an adequate remedy at law because without the production of comparables by the State at the special commissioners level, the record on appeal at the county court level will be void of the evidence necessary to determine whether the denial of discovery by respondents was harmful. *Jampole v. Touchy*, 673 S.W.2d 569, 576 (Tex.1984). Relators contend this is so because Holtkamp will then be named as "pure consulting expert" at the county court level thereby exempting the comparables he prepares from discovery.

Relators, however, misconstrue the nature of the county court proceedings which occur after a party makes timely filed objections to the special commissioner's award. Section 21.018(b) of the Property Code states:

> If a party files an objection to the findings of the special commissioners, the court shall cite the adverse party and *try the case in the same manner as other civil cases.*

Tex.Prop.Code Ann. § 21.018(b) (emphasis added).

■ Such proceedings are a trial de novo and involve: "trying the matter anew; the same as if it had not been heard before and as if no decision had been previously rendered." *Milam v. Akers*, 181 S.W.2d 719, 723 (Tex.App.—Austin 1944, ref w.m.), citing Vernon's Ann.Civ.St. art. 3266, subd. 6; *City of Dallas*, 711 S.W.2d at 287; Black's Law Dictionary 392 (5th ed. 1979). While the special commissioners must file their findings with the county court, that court is not confined to simply reviewing those findings like an appellate court to determine whether they adequately support the special commissioner's award. Tex.Prop. Code Ann. § 21.018(a). In fact, the award is vacated and inadmissible in the subsequent county court trial. *Amason*, 682 S.W.2d at 242; *Milam* 181 S.W.2d at 723. Hence, both relators and the State will be free during the proceeding in the county court to conduct "regular" discovery in accordance with the rules of civil procedure. If the State decides to make Holtkamp a pure consulting expert at that time as relators *speculate*, then it has the burden to

specifically plead that the comparables he prepares are exempt from discovery. TEX. R.CIV.P. 166b(4) (Vernon Supp.1990). At that point, the trial court may decide an in camera hearing is necessary to determine whether the documents sought by relators are relevant and vital to determining the condemnation award. Consequently, we refuse to issue a writ of mandamus against Respondents Krueger and Pieratt based on speculation of what might occur at a future proceeding. Likewise, we refuse to issue a writ of mandamus against Respondent Placke for the reasons stated above, though it is within his jurisdiction to issue mandamus against a county court judge who is acting in his ministerial capacity. *City of Big Spring v. Garlington,* 88 S.W.2d 1095, 1097 (Tex.App.—Eastland 1935, no writ).

In accordance with this opinion, the stay issued by this Court on July 26, 1990 is lifted and the writ of mandamus is denied.