**In re the STATE of Texas, Relator.**

**No. 12–01–00274–CV.**

Court of Appeals of Texas,
Tyler.

Jan. 23, 2002.

John S. Toland, for Relator.

John Rex Thompson, Tyler, for Respondent.

Celia S. Flowers, Tyler, for Real Party In Interest.

Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.

### ORIGINAL PROCEEDING

LEONARD DAVIS, Chief Justice.

The State of Texas ("the State") brings this petition for writ of mandamus complaining of certain orders entered in the underlying condemnation proceeding. Because we conclude that the State has an adequate remedy at law, we deny the petition.

## BACKGROUND

On September 1, 2000, the State filed an Original Petition for Condemnation in County Court at Law Number 2 of Smith County seeking to obtain 6.12 acres from Irene Elizabeth Davis. Thereafter, the trial court appointed three Special Commissioners ("the Commissioners") "to assess the damages occasioned by such condemnation." On November 1, 2000, the Commissioners held a hearing at which the State and Davis appeared through counsel. During the hearing, the Commissioners requested that the State produce appraisal reports and records showing how much other landowners in the area had received from the State for their land. The State objected to this request. On November 21, the trial court held a hearing to determine whether the State was required to produce these documents.

At the hearing, the trial judge stated that the Commissioners had requested that he appoint them an attorney. After hearing argument of counsel, the trial court appointed an attorney for the Commissioners and then proceeded to hear argument on the evidentiary issue. After taking the matter under advisement, the trial court signed an order on December 27, 2000 wherein it found that it had "jurisdiction over this question because it concerns a conflict involving the Special Commissioners appointed by this Court." Further, the trial court ordered that the State provide to the commissioners cer- tain information on all real property acquired by the State and located within three miles of the subject property. Subsequently, the State filed a motion requesting that the trial court reconsider its ruling, which the trial court denied on August 18, 2001. The State brings this petition for writ of mandamus asking this court to direct the trial court to vacate its order regarding discovery and to with- draw its appointment of counsel on behalf of the Commissioners.

## PREREQUISITES TO MANDAMUS RELIEF

██ Mandamus is "an extraordinary remedy, available only in limited circumstances." *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). A writ of mandamus will issue only if (1) the trial court violates a duty imposed by law or clearly abuses its discretion, and (2) there is no other adequate remedy at law, such as an appeal. *Walker,* 827 S.W.2d at 839; *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985).

## ABUSE OF DISCRETION

██ The State argues that the trial court abused its discretion in appointing counsel for the Commissioners and in ordering that the State produce certain documents because it lacked jurisdiction to enter such orders. We agree. In *Amason v. Natural Gas Pipeline Co.,* 682 S.W.2d 240 (Tex.1984), the Texas Supreme Court explained the dual nature of an eminent domain proceeding as set forth in the Texas Property Code:

> The Texas land condemnation scheme is a two-part procedure involving first, an administrative proceeding, and then if necessary, a judicial proceeding. When a party desires to condemn land for public use but cannot agree on settlement terms with the landowner, that party must file a statement seeking condemnation in the proper court, either district court or county court at law, of the county in which the land is located. Upon the filing of this statement, the trial court judge is to appoint three Special Commissioners who assess the damages and then file an award which, in their opinion, reflects the value of the sought-after land ... From the time the condemnor files the original statement

seeking condemnation up to the time of the Special Commissioners' award, these initial proceedings are administrative in nature.

. . .

[If either party] is dissatisfied with the Special Commissioner's award, he must timely file his objection in the appropriate court. Upon the filing of objections, the Special Commissioners' award is vacated and the administrative proceeding converts into a normal pending cause in the court with the condemnor as plaintiff and the condemnee as defendant. . . .

*Id.* at 241–42 (citations omitted).

■ A court's jurisdiction to act as a judicial tribunal in a condemnation proceeding is limited to that which has been conferred by statute. *Pearson v. State,* 159 Tex. 66, 315 S.W.2d 935, 938 (1958). Thus, unless a party timely objects to the commissioners' award, a court has no jurisdiction to do anything more than perform its ministerial function and accept and adopt the award as its judgment. *Id.; see John v. State,* 826 S.W.2d 138, 141 n. 5 (Tex.1992). Only upon the filing of an objection does the proceeding become a "civil case" in which the court has jurisdiction to determine all issues. *Id.; see* TEX. PROP.CODE ANN. § 21.018 (Vernon 1984); *Gulf Energy Pipeline Co. v. Garcia,* 884 S.W.2d 821, 823 (Tex.App.-San Antonio 1994, orig. proceeding) ("[T]he portion of the condemnation proceeding before the commissioners is an administrative proceeding completely separate from any judicial proceeding that may later take place.").

■ Because the administrative and judicial components of a condemnation proceeding are separate, it is not surprising that the Property Code says nothing about giving a trial court power to oversee the administrative component while it is ongoing. *Gulf Energy Pipeline Co.,* 884

S.W.2d at 823; *Blasingame v. Krueger,* 800 S.W.2d 391, 394 (Tex.App.-Houston [14th Dist.] 1990, orig. proceeding). Due to the absence of statutory authority for judicial oversight, a trial court may not become involved in the administrative phase of the proceeding. *See Gulf Energy Pipeline Co.,* 884 S.W.2d at 823; *Peak Pipeline Corporation v. Norton,* 629 S.W.2d 185, 186 (Tex.App.-Tyler 1982, no writ); *see State v. Garland,* 963 S.W.2d 95, 100 (Tex.App.-Austin, pet.denied). Rather, the special commissioners themselves may compel the attendance of witnesses and the production of testimony, administer oaths, and punish for contempt in the same manner as a county judge. TEX. PROP.CODE ANN. § 21.014(c) (Vernon 1984). The administrative phase of a condemnation proceeding implements a legislative policy to quickly award just damages to the landowner without the delays that occur in court proceedings. *Gulf Energy,* 884 S.W.2d at 824. To allow the court to oversee the administrative phase would circumvent this policy.

In their response to the petition for writ of mandamus, the Commissioners attempt to distinguish *Gulf Energy* and *Peak Pipeline* on the basis that in those cases, the trial court was hindering the special commissioners from proceeding with their inquiry. They contend that in this case, the trial court was assisting them in the exercise of their powers. In our view, the conclusions reached in *Gulf Energy* and *Peak Pipeline* were not based solely on the hindering effect of the trial court's action. While the trial court's action in those cases may have had such an effect, we conclude that the courts of appeal were primarily concerned with the court's lack of jurisdiction to act during the administrative phase of the proceeding. Having reviewed the record before us and the applicable law, we conclude that the trial

court's appointment of counsel and its order compelling production of certain information was an abuse of discretion because the trial court lacked jurisdiction to make these orders.

### ADEQUATE REMEDY AT LAW

 Although we have concluded that the trial court abused its discretion in making the complained of orders, an abuse of discretion alone does not warrant the issuance of a writ of mandamus. We must now turn to whether the State has an adequate remedy by appeal or otherwise. There is no adequate remedy by appeal only when a party is in danger of permanent deprivation of substantial rights; merely showing that appeal would involve more expense or delay than obtaining a writ of mandamus does not make an appeal inadequate. *Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304, 306 (Tex. 1994). Mandamus issues "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989) (citation omitted).

The Fourteenth Court of Appeals' decision in *Blasingame* is instructive on this issue. In *Blasingame*, the State filed a petition for condemnation in the County Court at Law of Washington County. The county court at law judge appointed special commissioners. The special commissioners authorized the landowners to issue a subpoena to the Director of the Texas Department of Transportation and a subpoena duces tecum to an appraiser for the State. The State filed motions to quash the subpoenas in the county court at law, which were granted. *Id.* at 392.

The landowners filed a petition for writ of mandamus arguing that the judge of the county court at law abused his discretion in quashing the subpoenas because he

lacked jurisdiction to act on any exercise of power of the special commissioners. *Id.* at 393. As part of their argument, the State argued that the landowners had an adequate remedy at law because they could appeal the award of the special commissioners to the county court by filing timely objections. The Fourteenth Court agreed with the State holding that even if the judge had exceeded his authority, the landowners could file objections to the award and proceed with a trial *de novo* in the county court. *Id.* at 394. We agree with the Fourteenth Court's reasoning.

 In most cases, the right to appeal to a district court or a county court at law affords a party an adequate remedy for any errors that may occur in the condemnation proceeding up to and including the award of the special commissioners. *Tonahill v. Gulf States Utilities Co.*, 446 S.W.2d 301, 302 (Tex.1969); *City of Dallas v. Martin*, 711 S.W.2d 285, 287 (Tex.App.-Dallas 1986, writ ref'd n.r.e.). Typically, mandamus is appropriate only when errors or irregularities before the commissioners render the proceeding void. *Pearson*, 315 S.W.2d at 939; *Blasingame*, 800 S.W.2d at 394; *but see Gulf Energy*, 884 S.W.2d at 824 (mandamus appropriate where court granted a sixty day continuance of the administrative phase and relator would suffer penalties and other expenses if continuance remained in place). The State does not contend that the actions of the trial court in appointing counsel and ordering discovery rendered the proceeding before the Commissioners void.

 When a party objects to the special commissioners' award, the proceeding before the court is a trial *de novo* and involves "trying the matter anew; the same as if no decision had been previously rendered." *Milam v. Akers*, 181 S.W.2d 719, 724 (Tex.Civ.App.-Austin 1944, writ ref'd w.o.m.); *see Blasingame*, 800 S.W.2d

at 394; *City of Dallas,* 711 S.W.2d at 287. The special commissioners' award is vacated and is inadmissible in the trial before the court. *Amason,* 682 S.W.2d at 242; *Blasingame,* 800 S.W.2d at 394. Further, the matter is tried in the same manner "as other civil cases" and discovery would be conducted in accordance with the rules of civil procedure. TEX. PROP.CODE ANN. § 21.018(b); *see Blasingame,* 800 S.W.2d at 394.

While we conclude that the trial court abused its discretion in making the complained of orders, we also conclude that the State has an adequate remedy at law in an appeal of the commissioners' award to the county court at law. Once the judicial phase of the condemnation proceeding is invoked, the court's actions relating to the administrative phase would be moot and the case would proceed as any other civil case. By our holding in this case, we are not concluding that mandamus is inappropriate in every case where a court becomes involved in the administrative phase of a condemnation proceeding. For example, in *Gulf Energy,* the San Antonio Court of Appeals found mandamus

to be proper where the relator, who was seeking to condemn an easement for a pipeline, faced a sixty day delay in the condemnation proceeding due to the trial court's involvement and penalties and expenses associated with the delay. The *Gulf Energy* court concluded that "neither the district court nor a court of appeals has any mechanism by which it could return the expedited procedure and costs of which the Relator was deprived." *Id.* at 824. Here, there is no contention that the actions of the trial court have caused or will cause irreparable harm such as was involved in *Gulf Energy. Canadian Helicopters,* 876 S.W.2d at 306.

### CONCLUSION

Based on the foregoing, the State's petition for writ of mandamus is denied.