NO. 12-02-00161-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 



IN RE: STATE OF TEXAS
§
 ORIGINAL PROCEEDING



§
 






 

 The State of Texas ("the State") brings this petition for writ of mandamus complaining of 
an order entered in the underlying condemnation proceeding. We conditionally grant the writ to
direct the trial court to modify its order.


Background


 On September 1, 2000, the State filed an Original Petition for Condemnation in County Court
at Law Number 2 of Smith County seeking to obtain 6.12 acres from Irene Elizabeth Davis
("Davis"). Thereafter, the trial court appointed three special commissioners ("the Commissioners")
"to assess the damages occasioned by such condemnation." At a hearing on an evidentiary dispute,
the trial judge granted the Commissioners' request for appointment of counsel. The State filed a
motion requesting that the trial court reconsider its ruling, which was denied. The State then filed
a petition for writ of mandamus asking this court to direct the trial court to withdraw its appointment
of counsel for the Commissioners. (1) Although we determined that the trial court abused its discretion
in appointing counsel for the Commissioners, we concluded that the State had an adequate remedy
at law and denied the petition by opinion dated January 23, 2002. In re State, 65 S.W.3d 383 (Tex.
App.- Tyler 2002, orig. proceeding) ("prior opinion").

 On April 10, 2002, the Commissioners conducted a hearing for the parties to present
evidence on damages. Later that day, the Commissioners filed two documents with the trial court. 
The first, entitled "Award of Commissioners," is a written statement of the damages awarded for the
condemnation and the accrued costs of the proceeding. The award lists the Commissioners' fees as
accrued costs and assesses these costs against the State. The second document is entitled "Bill of
Costs of Special Commissioners" ("Bill of Costs"). In this document, the Commissioners allege they
incurred expenses as a result of their participation in the condemnation proceeding, including
$4,648.90 as attorney's fees for their appointed counsel and $559.50 to obtain transcripts from two
court reporters (collectively "expenses"). The Commissioners ask the trial court to award the
expenses as costs, tax the costs against the State, and impose a deadline for payment. 

 On the same date, April 10, the trial court signed an order approving the Bill of Costs and
requiring the State to pay the awarded sum to the Commissioners within seventy-five days. On April 
26, the State filed a motion to vacate the trial court's order and on May 2 filed objections to the
Commissioners' award. On May 13, the trial court denied the motion to vacate, and the State filed
its petition for writ of mandamus on June 10 asking this court to direct the trial court to withdraw
its order. Because the payment deadline would expire on June 24, the State also sought emergency
relief. We stayed the trial court's order pending our consideration of the State's petition.


Prerequisites to Mandamus Relief


 Mandamus is "an extraordinary remedy, available only in limited circumstances." Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). A writ of mandamus will issue only if (1) the trial
court violates a duty imposed by law or clearly abuses its discretion, and (2) there is no other
adequate remedy at law, such as an appeal. Walker, 827 S.W.2d at 839; Johnson v. Fourth Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).


Abuse of Discretion


 As we explained in our prior opinion, a condemnation proceeding is a two-part procedure 
involving first, an administrative proceeding, and then if necessary, a judicial proceeding. In re
State, 65 S.W.3d at 385 (citing Amason v. Natural Gas Pipeline Co., 682 S.W.2d 240, 241-42 (Tex.
1984)). During the administrative phase, the special commissioners award compensation for the
condemnation and assess the costs of the proceeding. Amason, 682 S.W.2d at 242; see Tex. Prop.
Code Ann. § 21.042 (Vernon Supp. 2002); § 21.047 (Vernon 2000). 

 A court's jurisdiction to act as a judicial tribunal in a condemnation proceeding is limited to
that which has been conferred by statute. Pearson v. State, 159 Tex. 66, 70, 315 S.W.2d 935, 938
(1958). The administrative phase is completely separate from any judicial proceeding that may later
take place, and the Property Code says nothing about giving a trial court power to oversee this initial
phase of the proceeding while it is ongoing. Id.; Blasingame v. Krueger, 800 S.W.2d 391, 394 (Tex.
App.- Houston [14th Dist.] 1990, orig. proceeding). Consequently, we held in our prior opinion that
the trial court lacked jurisdiction to appoint counsel for the Commissioners and abused its discretion
by doing so. In re State, 65 S.W.3d at 387.

 Relying on our prior opinion, the State contends in the petition before us that the trial court
has again abused its discretion because it lacked jurisdiction to order the State to pay the
Commissioners' expenses. In response, Davis and the Commissioners contend that the expenses
were assessed by the Commissioners, and not the trial court, as costs pursuant to sections 21.047 and
21.048 of the Property Code. Tex. Prop. Code Ann. §§ 21.047, 21.048 (Vernon 2000). Therefore,
their argument continues, the trial court had no discretion to disapprove the Bill of Costs. We agree
with the State.

 Section 21.048 states that after the special commissioners in a condemnation proceeding have
assessed the damages, they must file a written statement of their decision and must also "make and
sign a written statement of the accrued costs of the proceeding, naming the party against whom the
costs are adjudged...." Tex. Prop. Code Ann. § 21.048(2). The Bill of Costs filed in the instant
case does not state that the expenses are accrued costs of the proceeding or adjudge the expenses
against the State. On the other hand, the plea for relief in the Bill of Costs specifically asks the trial
court to "consider the excessive amount of time and expense incurred by the Commissioners...and
award attorney's fees and expenses to be taxed against [the State]...." In addition, the plea for relief
asks the trial court to set a payment deadline. 

 We interpret the Commissioners' plea for relief as a request that the trial court (1) find that
the allegations in the Bill of Costs support an award of expenses to the Commissioners and (2) order
the State to pay the Commissioners by a specific date. (2) Thus, the Bill of Costs is, in substance, a
motion for the expenses described in the document and not an assessment of costs by the
Commissioners pursuant to section 21.048. See State Bar of Texas v. Heard, 603 S.W.2d 829, 833
(Tex. 1980) (substance of plea for relief rather than form or title of document determines true nature
of pleading or motion). As such, the Bill of Costs asks the trial court to exercise its judicial
discretion. Therefore, the order approving the Bill of Costs is not merely a ministerial act, but an
exercise of judicial power by the trial court after conducting, as recited in the order, "a full and
thorough analysis of the time and expenses involved in this proceeding. (3) 

 As stated above, a court's jurisdiction to act as a judicial tribunal in a condemnation
proceeding is limited to that which has been conferred by statute. Pearson, 159 Tex. at 70, 315
S.W.2d at 938. After reviewing the applicable law, we find no statute authorizing a trial court to
award expenses to special commissioners during the administrative phase of a condemnation
proceeding. Therefore, we hold that the trial court's order granting the Commissioners' recovery
of their expenses from the State was an abuse of discretion because the trial court lacked jurisdiction
to enter the order. 

 The State also contends that the recovered expenses are not within the definition of "costs"
in a condemnation proceeding. Because we conclude that the Bill of Costs is not an assessment of
costs, we do not address whether the requested amounts could have been assessed by the
Commissioners as "costs" of the proceeding.


Adequate Remedy at Law


 Although we have concluded that the trial court abused its discretion in making the
challenged order, an abuse of discretion alone does not warrant the issuance of a writ of mandamus. 
We must also decide whether the State has "a clear and adequate remedy at law, such as a normal
appeal." Walker, 827 S.W.2d at 840 (citing State v. Walker, 679 S.W.2d 484, 485 (Tex. 1984)). 
There is no adequate remedy by appeal only when a party is in danger of permanent deprivation of
substantial rights; merely showing that an appeal would involve more expense or delay than
obtaining a writ of mandamus does not make an appeal inadequate. Canadian Helicopters, Ltd. v.
Wittig, 876 S.W.2d 304, 306 (Tex. 1994). 

 The judicial phase of the proceeding is invoked only if, as here, a party files objections to the
special commissioners' award. Pearson, 159 Tex. at 71, 315 S.W.2d at 938; Gulf Energy, 884
S.W.2d at 823. Upon filing objections, the special commissioners' award is vacated, and a trial de
novo is conducted. Elliott v. Joseph, 163 Tex. 71, 73, 351 S.W.2d 879, 880 (1960); Amason, 682
S.W.2d at 242; see Tex. Prop. Code Ann. § 21.018. The case is tried "in the same manner as other
civil causes," and the special commissioners' award is inadmissible. Blasingame, 800 S.W.2d at
394; Tex. Prop. Code Ann. § 21.018(b).

 In the judicial phase, the trial court's actions relating to the administrative phase, as a general
rule, become moot. In re State, 65 S.W.3d at 387-88. Moreover, any error occurring during the
administrative phase that affects the judicial phase can be reviewed in the trial de novo. See, e.g.,
Tonahill, 446 S.W.2d at 302 (in trial de novo, can address whether legal description in petition for
condemnation is legally insufficient and should be amended); Blasingame, 800 S.W.2d at 394-95
(in trial de novo, can review and remedy error in denying discovery in administrative phase). Thus,
Texas courts have routinely held that the right to appeal by trial de novo affords a party an adequate
remedy for any error occurring in the administrative phase of the proceeding. E.g., Tonahill, 446
S.W.2d at 302 (appeal adequate remedy for legally insufficient property description); City of Bryan
v. Moehlman, 155 Tex. 45, 48, 282 S.W.2d 687, 689 (1955) (appeal adequate remedy if special
commissioner disqualified); Blasingame, 800 S.W.2d at 394-95 (appeal adequate remedy where trial
court quashed subpoenas issued by special commissioners). Typically, mandamus is appropriate
only when errors or irregularities before the special commissioners render the proceeding void. 
Pearson, 315 S.W.2d at 939; Blasingame, 800 S.W.2d at 394; but see Gulf Energy, 884 S.W.2d
at 824 (mandamus appropriate where court granted a sixty-day continuance and relator would suffer
penalties and other expenses if continuance remained in place). The State does not allege that the
trial court's order rendered the administrative proceeding void.

 Both Davis and the Commissioners contend that the State's objections to the Commissioners'
award vacate the complained-of order. As a result, they argue, the trial court's order is moot, and
the State has an adequate remedy by appeal. However, we find no authority suggesting that
objections to the special commissioners' award also vacate any monetary recovery granted by the
trial court, and we decline to so hold. Therefore, we agree with the State that its objections to the
Commissioners' award did not vacate the trial court's order. Furthermore, the order is not moot, as
in the cases cited above, because the State must pay the Commissioners before the trial de novo can
occur. See Tonahill, 446 S.W.2d at 302; City of Bryan v. Moehlman, 155 Tex. at 48, 282 S.W.2d
at 689; Blasingame, 800 S.W.2d at 394-95. Even so, mandamus is appropriate only if requiring
payment prior to the trial de novo permanently deprives the State of a substantial right. Canadian
Helicopters, 876 S.W.2d at 306. 

 The legislature designed the condemnation statutes to provide a vehicle for a speedy and fair
assessment of damages to the landowner. Gulf Energy Pipeline Co. v. Garcia, 884 S.W.2d at 823.
The administrative phase of the proceeding provides a means to quickly award just damages to the
landowner without the delays that occur in court proceedings. In re State, 65 S.W.3d at 386.
Therefore, the right to an expedited hearing during the administrative phase is a substantial right. 
Gulf Energy, 884 S.W.2d 824. The judicial phase is invoked and a trial de novo is conducted when
a party files objections to the special commissioners' award. See Tex. Prop. Code Ann. §
21.018(a). The objections "wip[e] out entirely the award of the commissioners and preven[t] any
judgment from being entered, based upon such award." Culligan Soft Water Svc. v. State, 385
S.W.2d 613, 615 (Tex. Civ. App.- San Antonio 1964, writ ref'd n.r.e.). As a result, damages are
determined in the trial de novo after any necessary review of errors occurring in the administrative
phase. E.g., City of Bryan, 155 Tex. at 48, 282 S.W.2d at 689. The right to an expedited hearing
before the special commissioners and the right to a trial de novo for the determination of damages
are equally essential to a prompt, fair award in a condemnation proceeding. Therefore, we conclude
that the right to a trial de novo is also a substantial right in a condemnation proceeding. See Gulf
Energy, 884 S.W.2d at 824.

 If the State is to comply with the trial court's order in the case at hand, it must first pay the
Commissioners and then challenge the order. This circumvents the statutory condemnation scheme
that gives the special commissioners exclusive authority to award damages and assess costs, but
permits a party to vacate the special commissioners' award by filing objections. Thus, the order
causes the State to forfeit its right to avoid liability for an award made in the administrative phase
and proceed to a determination of damages in a trial de novo. An appeal does not provide a
mechanism by which that right, once lost, can be recovered. See Gulf Energy, 884 S.W.2d at 824. 
Therefore, the trial court's order permanently deprives the State of a substantial right, and appeal
does not provide the State an adequate remedy at law. Accordingly, we conclude that mandamus
is appropriate.

 The State urges this court to order the trial court to vacate its order awarding the
Commissioners their expenses. However, we conclude such an action is unnecessary because
modification of the trial court's order will resolve the State's complaint. We therefore direct the trial
court to modify its order to delete the following language: "Costs to be paid within 75 days."


Conclusion


 Based on the foregoing, we lift the stay granted by this court on June 11, 2002 and
conditionally grant the writ of mandamus. We are confident that the trial court will act promptly to
modify its order in accordance with this opinion. The writ will issue only if it fails to do so.

 Writ conditionally granted.

 JIM WORTHEN Justice



Opinion delivered August 14, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.




(PUBLISH)
1. The petition also requested relief from an evidentiary ruling that is not relevant to the issues before us.
2. The Bill of Costs includes a number of allegations relating to the conflicts that arose between the
Commissioners and counsel for the State during the administrative phase of the proceeding.
3. Section 21.061 permits a trial court to adopt the special commissioners' findings as the judgment of the court
only where no party files objections to the findings. Tex. Prop. Code Ann. § 21.061 (Vernon 2000). We note that the
trial court, in compliance with section 21.061, merely acknowledged the filing of the Award of Commissioners, but
entered no order approving it. Although not dispositive, the fact that a different procedure was followed for the Bill of
Costs is some indication that the trial court also considered the document as something other an assessment of costs by
the Commissioners.