MARY'S OPINION HEADING 









                                                NO.
12-07-00248-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

§                      

IN
RE: ENERGY TRANSFER

§                      ORIGINAL PROCEEDING

FUEL,
LP

§                      

                                                                                                                                                           


OPINION

            Energy Transfer Fuel, LP filed a petition for writ of
mandamus challenging the trial court’s final judgment and decree of
condemnation signed March 24, 2006.[1]  We
conditionally grant the writ.

 

Background

            Energy Transfer, a gas utility, filed a petition in
condemnation, by which it sought to condemn through eminent domain proceedings
5.08 acres of James’s property to use as a permanent right of way for a gas
pipeline.  The trial court appointed
three commissioners, who conducted a hearing concerning the amount of damages
to be awarded to James.








            The commissioners considered, among other things,  (1) evidence concerning James’s use of the
property for agricultural and recreational purposes, (2) a written appraisal
showing the value of the property, (3) evidence concerning the loss of use and
surface damages for the encumbered area, and (4) argument of counsel for both
Energy Transfer and James.  Ultimately,
the commissioners awarded James $79,813.18.

            Thereafter,  James
filed with the trial court a Motion to Sign Judgment, to which he attached as
an exhibit a proposed judgment.  On March
26, 2006, the trial court signed a Final Judgment and Decree of Condemnation
(the “judgment”).  In its judgment, the
trial court not only awarded James $79,813.18, but also set forth additional
provisions not included in the commissioners’ award.[2] 
Energy Transfer subsequently sought unsuccessfully to have the trial
court set aside its judgment due to its inclusion of these additional
provisions.  Energy Transfer now seeks
mandamus relief in this court.  On Energy
Transfer’s motion, we stayed execution of the Final Judgment and Decree of
Condemnation pending our disposition of this original proceeding.

 

Availability of Mandamus Relief

            Mandamus will issue to correct a clear abuse of
discretion where there is no adequate remedy by appeal.  In re Cerberus Capital Mgmt., L.P.,
164 S.W.3d 379, 382 (Tex. 2005); Walker v. Packer, 827 S.W.2d
833, 839–40 (Tex. 1992).  Where the
proceedings are regular through the commissioners’ decision, a party who is
aggrieved by the trial court’s entry of a judgment that does not conform to the
award has a remedy by mandamus to compel the entry of judgment in accordance
with the award.  See Pearson v.
State, 159 Tex. 66, 315 S.W.2d 935, 939 (1958); see also Svoboda
v. State, 612 S.W.2d 229, 231 (Tex. Civ. App.–Tyler 1981, no
writ).  Questions pertaining to
irregularities that might render the award or judgment void can be determined
in such a proceeding, but can never be properly considered in an appeal from
the judgment.  See Pearson,
159 Tex. at 72, 315 S.W.2d at 939; see also Svoboda, 612 S.W.2d
at 230–31 (recognizing that when no timely objection is made to the award of
the commissioners in an eminent domain case, and the court enters judgment
based on that award, there is no right of appeal, even if the judgment
materially differs from the award).

 

Jurisdiction

            An eminent domain proceeding is not within the general
jurisdiction of the court; any power to act is special and depends upon the
eminent domain statute.  Gulf
Energy Pipeline Co. v. Garcia, 884 S.W.2d 821, 822 (Tex. App.–San
Antonio 1994, orig. proceeding).  When a
condemnation petition is filed with the trial court, the property code mandates
that the court appoint three disinterested special commissioners to assess the
damages of the owner of the property being condemned.  See Tex.
Prop. Code Ann. § 21.014 (Vernon 2004). 
The special commissioners’ power is likewise limited by statute.  See, e.g., Tex. Prop. Code Ann. § 21.014–21.016 (2004); see also Amason
v. Natural Gas Pipeline Co., 682 S.W.2d 240, 242 (Tex. 1984)
(explaining that the special commissioners’ power is “limited to filing in the
proper court an award of fair compensation for the condemnation....”).  After the special commissioners have assessed
damages, they shall make a written statement of their decision.  Tex.
Prop. Code Ann. § 21.048 (Vernon 2000).

            The initial filing of the petition and the commissioners’
hearing is an “administrative proceeding” that converts into a normal pending
cause only when objections to the commissioners’ award are filed.  See Hubenak v. San Jacinto Gas
Transmission Co., 141 S.W.3d 172, 179 (Tex. 2004); see also In re
State, 65 S.W.3d 383, 386 (Tex. App.–Tyler 2002, orig.
proceeding).  Thus, if no party in a
condemnation proceeding files timely objections to the findings of the special
commissioners, the judge of the court that has jurisdiction of the
administrative proceeding shall adopt the commissioners’ findings as the
judgment of the court, record the judgment in the minutes of the court, and
issue the process necessary to enforce the judgment.  Tex.
Prop. Code § 21.061 (Vernon 2000). 
The trial court’s function in this situation is ministerial in that it
must render judgment based upon the commissioners’ award.  See John v. State, 826
S.W.2d 138, 141 n.5 (Tex. 1992).[3]  The
trial court lacks jurisdiction to do otherwise. 
See Blasingame v. Krueger, 800 S.W.2d 391, 394 (Tex. App.–Houston
[14th Dist.] 1990, orig. proceeding) (“[I]n the absence of timely filed
objections, the [trial] court has no jurisdiction to do anything more than
accept and adopt the award of the special commissioners as its judgment.”).

            When the court that renders a judgment had no
jurisdiction of the parties or property, no jurisdiction of the subject matter,
no jurisdiction to enter the particular judgment, or no capacity to act, the
judgment is void.  See Browning
v. Prostok, 165 S.W.3d 336, 346 (Tex. 2005).  A void judgment is an absolute nullity and
has no legal force or effect.  Peacock
v. Wavetec Pools, Inc., 107 S.W.3d 631, 636 (Tex. App.–Waco 2003, no
pet.).  Thus, it follows that where a
trial court fails to enter a judgment conforming to the commissioners’ award in
a condemnation proceeding, that judgment is void.  See Pearson, 315 S.W.2d at 939;
see also Tex. Dep’t of Transp. v. T. Brown Constructors, Inc.,
947 S.W.2d 655, 659–60 (Tex. App.–Austin 1997, pet denied) (holding judgment
void where a trial court entered a judgment different from an award of an
administrative panel).  

            James cites Rose v. State, 497 S.W.2d 444
(Tex. 1973), as an instance in which the Texas Supreme Court allowed a trial
court to grant relief beyond that granted by the commissioners’ award.  Thus, James argues, the question is not one
of jurisdiction. 

            Rose was a bill of review proceeding
in which the trial court reformed its judgment to reflect that two tracts were
to be condemned by the condemnor rather than the one tract set forth in the
commissioners’ written award.  See id.
at 445.  The record in Rose indicated
that the commissioners had knowledge that two tracts were at issue in the
proceeding before them.  Id. at
447.  Therefore, in making their award,
the commissioners believed they were awarding damages for two tracts rather
than one tract, but inadvertently failed to reflect that belief in their award.  Id.  The trial court in Rose had
this evidence before it when it reformed its judgment.  Id. at 447– 48.  Therefore, the supreme court determined that
the trial court, in reforming its judgment, was acting in accord with what the
record demonstrated to be the collective intent of the commissioners when they
made their award.  See id. at
447.

            In the instant case, the commissioners’ award did not
include an abandonment clause, an indemnity clause, or a provision that Energy
Transfer would be perpetually liable for restoration of the property.  Furthermore, the record does not reflect that
the commissioners intended that any such provisions be included in their
award.  Consequently, we conclude that
the facts in Rose are distinguishable from the facts of the case
at hand.  

            Here, the trial court only had jurisdiction to adopt the
commissioners’ award.  As such, the trial
court exceeded its jurisdiction when it entered a judgment containing
additional provisions[4] not
contained in the commissioners’ written award. 
Therefore, since the trial court had no jurisdiction to enter the
judgment at issue, the judgment is void. 
See Browning, 165 S.W.3d at 346.

 

Conclusion

            Having determined that the trial court was without
jurisdiction to enter the Final Judgment and Decree of Condemnation of March
24, 2006, we conditionally grant mandamus relief.  We trust the trial court will promptly vacate
its Final Judgment and Decree of Condemnation of March 24, 2006, and enter a
judgment adopting the Award of Special Commissioners entered February 17,
2006.  The writ will issue only if the
trial court fails to comply with this court’s opinion and order within ten (10)
days.  The trial court shall furnish this
court, within the time of compliance with this court’s opinion and order, a
certified copy of the judgment evidencing of such compliance.  Our stay of July 5, 2007, is lifted.

            Writ conditionally granted.

 

 

 

                                                                                                   JAMES T. WORTHEN   

                                                                                                               Chief Justice

 

 

Opinion
delivered March 19, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(PUBLISH)











[1] The real party in interest is William
Barry James, individually and as trustee of the James Trust.  The respondent is the Honorable Deborah Oakes
Evans sitting in the 3rd Judicial District Court of Anderson County, Texas.





[2] Specifically, the judgment contained an
abandonment clause and an indemnity clause. 
It further assessed perpetual liability against Energy Transfer for
restoration of the property. 





[3] Only when objections are timely filed is
the special commissioners’ award vacated and the administrative proceeding
converted into a civil case in the trial court. 
See Amason, 682 S.W.2d at 242; In re State,
65 S.W.3d at 386.





[4] See
n.2.